**William E. SCOTT, Appellant,**

**v.**

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellee.**

**No. 21488.**

United States Court of Appeals

Fifth Circuit.

Nov. 23, 1964.

Charles D. Rosser, Tuscaloosa, Ala., Howell T. Heflin, Tuscumbia, Ala., for appellant.

George E. Barnett, Jr., and Bradshaw & Barnett, Florence, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This suit against A & P is premised on the doctrine of respondeat superior. The undisputed facts show that Stutts, manager of the A & P store in Sheffield, Alabama, on his day off, went to a used car lot to look at a certain car which he had heard was for sale. It had been sold but appellant Scott, a salesman on the lot, sought to interest him in another car. To this end, and while this car was being started on the lot by Stutts, Scott was struck by the car with resulting serious injury to him. It is claimed that Stutts was the agent of A & P in the premises.

Scott countered appellee's motion for summary judgment with an affidavit that Stutts, while negotiating for the car, asked him for his grocery business, and also told him that he was en route to check the grocery prices of a competitor.

██ The test to be applied to the action of the District Court in granting summary judgment is that the moving party has the burden of showing the absence of any genuine issue as to all material facts, and that upon the applicable principles of substantive law movant is entitled to judgment as a matter of law. Kilfoyle v. Wright, 5 Cir., 1962, 300 F.2d 626. The substantive law is that of Alabama under the facts presented. In Perfection Mattress & Spring Co. v. Windham, 1938, 236 Ala. 239, 182 So. 6, the court stated that the doctrine of respondeat superior "applies only when the relation of master and servant 'is shown to exist between the wrongdoer and the person sought to be charged for the result of some wrong or neglect at the time and in respect to the very transaction out of which the injury arose.'"

██ In the light of these principles, we conclude that the District Court did not err in entering summary judgment. As a matter of law, based on the undisputed material facts, the participation of manager Stutts in the transaction out of which the injury arose was wholly his own mission—that of seeking to purchase an automobile from Scott. The relation of master and servant did not exist in the transaction. The solicitation of grocery business, or intention to pursue his managerial duties later in the day was so incidental to the transaction as to be unrelated to the injury in the respondeat superior sense. See Perfection Mattress & Spring Co. v. Windham, supra.

Affirmed.