**ARISTA CIA. DeVAPORES, S. A.,**
**Appellant,**

v.

**HOWARD TERMINAL, Appellee.**

**No. 20872.**

United States Court of Appeals
Ninth Circuit.

Feb. 9, 1967.

Graydon S. Staring, Frederick W. Wentker, Jr., of Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for appellant.

Walter M. Schey, of Graham, James & Rolph, San Francisco, Cal., for appellee.

Before JERTBERG and MERRILL, Circuit Judges and BOLDT, District Judge.

BOLDT, District Judge.

This is an appeal from a judgment in admiralty entered in the United States District Court for the Northern District of California. District court jurisdiction was based on 28 U.S.C. § 1333. This court has jurisdiction under 28 U.S.C. § 1291.

A longshoreman filed a claim against the appellant, Arista Cia. DeVapores, for injuries suffered while working aboard appellant's vessel, SS WORLD LEADER. The shipowner impleaded the longshoreman's employer, Howard Terminal, seeking indemnity based upon alleged breach of the stevedore's implied warranty of workmanlike service. In preparing its defense the shipowner incurred expenses and attorneys' fees. When the case was called for trial the longshoreman moved for dismissal, which was granted. The parties then stipulated that: the longshoreman's own negligence was the sole cause of his injury, the vessel was seaworthy, the shipowner was not negligent, and the amount of fees and expenses incurred by the shipowner were necessary and reasonable.

The shipowner's impleaded claim for recovery of expenses and attorneys' fees against the stevedore was dismissed. Arista Cia. DeVapores, S.A. v. Howard Terminal, 247 F.Supp. 710 (N.D.Cal., 1965). The district court ruled that the shipowner must accept the burden of defending himself against unmeritorious claims, and could not look to the stevedore for indemnity, when an "injured workman * * * [comes] to court as a result of his own folly." The action of the longshoreman, in bringing a meretricious suit against the vessel, was held to excuse the stevedore from the legal effect of its implied warranty. This related the shipowner's right of indemnity to the time when suit was brought rather than to the time pertinent to the implied warranty on which indemnity is based, i. e., when the stevedore's contract with the shipowner was being performed. We consider this unsound both in law and policy.

The appellee's contention that the longshoreman's negligence is not imputable to his stevedore employer because the negligence injured only the longshoreman himself is not correct in fact or valid in law. While only the longshoreman suffered bodily injury because of his negligence, the shipowner sustained pecuniary injury when expenses and fees were incurred in defending this lawsuit based on the longshoreman's injury. Assuming the fact basis of appellee's contention, it might preclude a claim grounded in tort but would not be a defense to a claim based on breach of a stevedore's implied warranty of workmanlike performance. Recovery of damages from a tortfeasor and "recovery of indemnity for breach of warranty proceed on two wholly distinct theories and produce disparate results." Italia Societa Per Azioni, etc. v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 321, 84 S.Ct. 748, 752, 11 L.Ed.2d 732 (1964). The language in Drewery v. Daspit Bros. Marine Divers, Inc., 317 F.2d 425 (5th Cir. 1963), relied on by appellee-stevedore company, is not applicable here. Drewery did not involve a claim based upon implied war-

ranty. That decision has been limited to its particular facts and to the particular terms of the written contract there involved. Lusich v. Bloomfield Steamship Co., 355 F.2d 770 (5th Cir. 1966).

■ In the present case the shipowner was within "the zone of modern law that recognizes rights in third party beneficiaries." Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 428, 79 S.Ct. 445, 448, 3 L.Ed.2d 413 (1959). The controlling rule is that where a shipowner and a stevedoring company enter into an informal service agreement the shipowner is entitled to indemnification for all damages it sustains as a result of the stevedoring company's breach of its warranty of workmanlike service. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Waterman S.S. Corp. v. Dugan & McNamara, Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Crumady v. The Joachim Hendrik Fisser, supra; Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Hugev v. Dampskisaktieselskabet International, 170 F. Supp. 601, (S.D.Cal.1959), Mathes, J. Aff'd per curiam, 274 F.2d 875 (9th Cir. 1960), cert. den. 363 U.S. 803, 80 S.Ct. 1237, 4 L.Ed.2d 1147 (1960).

■■ The stevedore company's duty under its warranty includes the duty to provide longshoremen who will exercise reasonable care for their own safety, as well as for the safety of others, in the performance of their work. Failure of a longshoreman to safely perform his duties constitutes a breach of the stevedore's warranty rendering the stevedore company liable for all harm to the shipowner resulting from the breach. This is true whether negligence of the longshoreman injures only himself or others.

■■ "The foreseeable damages recoverable for breach of warranty include reasonable attorneys' fees and expenses incurred in defending, successfully or unsuccessfully, the injured party's action for damages." Lusich, supra, 355 F.2d at p. 776. Even where the negligence of the stevedore company is based solely on the actions of the injured longshoreman, "[t]his * * * does not preclude recovery over by the shipowner, but is simply a factor that would reduce the recovery of the injured plaintiff from him * * *" Damanti v. A/S Inger, 314 F.2d 395, at p. 399 (2nd Cir. 1963). In this instance, recovery against the shipowner was not merely reduced but precluded by the fact the negligence of stevedore company's employee injured himself alone. Logically it follows that the shipowner's expenses and attorneys' fees attendant upon developing that fact in defending a lawsuit are recoverable from the stevedore company under the implied warrant.

The Supreme Court has stated the policy in this class of case to be "that liability should fall upon the party best situated to adopt preventative measures and thereby to reduce the likelihood of injury." Italia Societa Per Azioni, etc., supra, 376 U.S. at p. 324, 84 S.Ct. at p. 754. The stevedore company is best situated to encourage its employees to take proper precautions for their own safety.

Our views are well stated in Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779, 782 (2nd Cir. 1964):

"[W]e see no good reason for forcing the shipowner to bear the expenses of successfully defending the suit when the stevedore would have to bear the shipowner's expenses of unsuccessfully defending the suit. Such a rule would place a premium on losing law suits."

The judgment of dismissal is reversed and recovery by appellant directed.