Lloyd M. JACKSON, Plaintiff,

v.

TRANS WORLD MARINE CORPORA-
TION, and Chatham Shipping
Corporation, Defendants.

SAVANNAH MACHINE AND FOUNDRY
COMPANY, Defendant and Third-
Party Plaintiff,

v.

SOUTHERN MARINE SUPPLY COM-
PANY, Third-Party Defendant.

Civ. A. No. 2269.

United States District Court
S. D. Georgia.

March 7, 1969.

Barnard M. Portman, Savannah, Ga., for plaintiff, Lloyd M. Jackson.

George H. Chamlee, Savannah, Ga., for Trans World Marine Corp. and Chatham Shipping Corp.

Paul M. Hawkins, Atlanta, Ga., for Southern Marine Supply Co.

Walter C. Hartridge, II, Savannah, Ga., for Savannah Machine & Foundry Co.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

LAWRENCE, District Judge.

Plaintiff has sued the defendant ship-owner and Savannah Machine & Foundry Company, ship repairer, for damages as a result of injuries received by him while working aboard a vessel undergoing major repairs at Savannah. The complaint alleges that on April 28, 1966, in descending a ladder, Jackson fell because of a greasy substance left on the steps. The suit is based on negligence of the defendants and the unseaworthiness of the vessel. Jackson, who was an employee of Southern Marine Supply Company, had gone aboard the ship to repair certain fire-fighting equipment. This work was done by his employer as an independent contractor employed by Savannah Machine.

The ship repairer impleaded Southern Marine as third party defendant alleging that the latter had breached its implied

warranty of workmanlike performance by (a) furnishing an inadequate work force, (b) employing men not physically able to perform the work, and (c) because of the failure of Jackson to exercise reasonable care for his own safety. Chatham Shipping Corporation as shipowner cross-claimed against Southern Marine upon the same theory of indemnity and with more or less less similar allegations as to the breach.

The motion of Southern Marine for summary judgment on the implied indemnity claims of Savannah Machine and by Chatham are before me. Southern Marine contends that under the facts and the pleadings there is no evidence to show that Jackson, its employee, was negligent in the performance of his duties and that if he were, such negligence would not be imputable to it.

The argument of Southern Marine is based on the Fifth Circuit cases of Drewery v. Daspit Bros. Marine Divers, Inc., 317 F.2d 425 (1963) and Loffland Brothers Co. v. Roberts O. D. Casing Crews, Inc. v. Continental Oil Company, 386 F.2d 540 (1967). Savannah Machine and Chatham rely upon another decision in this Circuit, Lusich v. Bloomfield Steamship Co., 355 F.2d 770 (1966).

*Drewery* involved an express indemnity agreement and the Court ruled that the legal fiction of imputed negligence that renders a master liable to another for the acts of his servant does not apply to implied indemnity claims where an injury to the employee is caused by the latter's own negligence. The theory seems to be that one cannot commit a tort against one's self. See 317 F.2d p. 427. In *Lusich* the same Court, referring to the "narrow range" of that decision, drew a distinction between the implied warranty theory involved in it and the express indemnity agreement dealt with in *Drewery*. It held that under the *Ryan* doctrine the negligence of the injured employee of a contractor who sues the shipowner for damages is a factor to be considered in determining his employer's breach of implied warranty as to workmanlike performance.

However, while *Lusich* distinguished *Drewery*, the Court left undisturbed the holding as to the non-imputability of the injured employee's own negligence to his employer. It said: "The only authorities directly in point on the question involved in this type of action hold that the negligence of the contractor's injured employee who later sues for damages is a factor to be taken into consideration on the issue of breach of the contractor's implied warranty. [citing cases] And on another trial, Lusich's conduct will be considered accordingly." In other words, the employee's conduct may be relevant in ascertaining any negligence attributable to, as distinguished from imputed to, his employer for the purposes of ascertaining breach of warranty as to workmanlike performance.

In Loffland Brothers v. Roberts, supra, the Fifth Circuit apparently approved the holding of the majority in *Drewery* as to non-imputability of the negligence of the injured employee to his employer. It observed that the ruling in *Drewery* was that "the negligence of an injured employee may not be imputed to his employer so as to render the employer liable in indemnity for the injuries sustained by the employee." (386 F.2d at p. 549)

These decisions are wholly at odds with the Ninth Circuit holding in Arista CIA. De Vapores, S. A. v. Howard Terminal, 372 F.2d 152 (1967). In that case the parties stipulated that the longshoreman's own negligence was the sole cause of his injury; that the vessel was seaworthy, and that the shipowner was guilty of no negligence. The Court said, "The appellee's contention that the longshoreman's negligence is not imputable to his stevedore employer because the negligence injured only the longshoreman himself is not correct in fact or valid in law. * * * Assuming the fact basis of appellee's contention, it might preclude a claim grounded in tort but would not be a defense to a claim based on breach of a stevedore's implied warranty of workmanlike performance."

The Court of Appeals for the Ninth Circuit further said:

"The stevedore company's duty under its warranty includes the duty to provide longshoremen who will exercise reasonable care for their own safety, as well as for the safety of others, in the performance of their work. Failure of a longshoreman to safely perform his duties constitutes a breach of the stevedore's warranty rendering the stevedore company liable for all harm to the shipowner resulting from the breach. This is true whether negligence of the longshoreman injures only himself or others."

■■■ While the Supreme Court in a proper case might choose the Ninth Circuit rule, I am bound in spite of Circuit conflicts by the holdings in the Fifth Circuit (see Bates v. Dickson, D.C., 226 F.Supp. 983, at 994) and as I analyze them they render the matter of imputability no longer open to interpretation.

Reconciliation of *Drewery, Loffland* and *Lusich* does not, however, provide a ready solution for the present problem. Although the employee's negligence is not imputable to the stevedore (at least in the Fifth Circuit) it may be considered for the purpose of determining the extent, if any, to which the implied warranty of workmanlike performance has been breached. In the limited scope of written indemnity agreement situations concerned in *Drewery* and *Loffland* the negligence of a stevedore is requisite to a recovery over against him and in such cases imputability of the employer's negligence may become important.

On the other hand, in implied warranty situations such as *Lusich* the *Ryan* doctrine operates to hold the stevedore liable in indemnity even though he is not negligent. In Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732, a stevedore who, without negligence, supplied defective equipment (a rope) was held to be liable over to the shipowner for loss sustained as a result of injuries to the former's employee.

The defect involved was latent and not discoverable but the mere providing of such equipment was sufficient to make the stevedore liable.

In D/S Ove Skou v. Hebert, 5 Cir., 365 F.2d 341, which also involved an implied warranty situation, the negligent performance by the stevedore's employee rendered the stevedore liable even in the absence of a showing of the latter's own negligence. While negligence cannot be imputed in either the express indemnity situation or under the implied indemnity theory of breach of warranty as to workmanlike performance, it appears that the conduct of the injured employee may be an indirect factor in determining whether the stevedore or repairer is liable over to the shipowner. In the case of an express written indemnity, in which negligence is a requisite to indemnification, the conduct of the injured employee may indicate or point to selection of incompetent personnel discoverable by the employer. Under the implied warranty theory negligent conduct by the injured employee growing out of or related to the incompetence of the servant furnished by the stevedore for the work at hand may support a finding of breach of contractual duty by the stevedore even though the latter's actions do not constitute negligence.

Viewed in such light as is afforded by the above observations and relating the decisions cited to the motions for summary judgment before me here, what do the facts in the case show? The three depositions in the record, one of which is by the plaintiff, are not particularly helpful on the issue of breach of implied warranty by Southern Marine in supplying an inadequate work force and employment of a physically unsuitable employee or employees for the work aboard the vessel. In his deposition Jackson stated that he weighs 300 pounds. He testified that when he was working his weight ranged from 260 to 280 pounds. He had served in the Army in 1954 as a private and subsequently worked as a truck driver, an insurance salesman, in refrigeration repairs, and he had also

been employed in installing bottled gas tanks. The only industrial injury he had ever sustained was a hernia. Jackson had been employed by Southern Marine for about two months. During that period he serviced the fire-fighting equipment on four or five ships. He testified that after boarding the vessel on which he was injured he went to the "CO2 room" which was located on the 'tween deck and performed some work there in connection with the equipment serviced. He then proceeded toward the engine room and started down a steep metal stairway or ladder. He was carrying a tool box. Jackson fell five or six steps from the bottom of the ladder. Plaintiff testified that there was a film of greasy substance on the step where he fell and that the light was poor. Jackson wears glasses and has 20/20 vision with them.

The deposition of James Pringle, a co-employee of Jackson, was to the effect that he preceded plaintiff down the stairway and almost slipped himself when he reached the bottom. He testified that he (Pringle) exclaimed, "Gosh, I didn't know it was this slippery" and that he said, "That's grease down there." Another employee of Southern Marine, Clarence Grant, said that there was grease on the stairway. In point of causation nothing in the depositions relates these two employees to plaintiff's fall.

The depositions mainly deal with the cause of plaintiff's fall, the condition of the stairway and vessel, and the negligence or contributory negligence of the shipowner and injured man. The examination of the plaintiff and witnesses largely skirts the issue of Southern Marine's liability for breach of implied warranty by reason of workmanlike performance. It is conceivable that Jackson's size rendered him unfit for work which requires agility and frequent use of steep stairways on vessels. It is also conceivable that such fact was unrelated to plaintiff's injury. It is further conceivable that his decision to work under what may have been patently dangerous conditions aboard the vessel indicates that he should not have been employed even in a minor supervisory capacity.

However, the point is that the record on the motion for summary judgment does not permit me to find that there is no genuine issue of fact as to alleged breach of the implied warranty that Southern Marine owed to Savannah Machine and Chatham.

In summary judgment cases the burden is on the moving party to establish positively and clearly that there is no genuine issue of fact and the party opposing the motion should be given the benefit of every reasonable doubt. Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013 (5th Cir., 1967); Scott v. Great Atlantic & Pacific Tea Co., 338 F.2d 661 (5th Cir., 1964); National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5th Cir., 1962).

On the basis of the record before me I cannot dismiss the claims over against Southern Marine. Accordingly, each of its motions for summary judgment is denied.