**UNITED STATES LINES, INC., a body corporate, Appellant,**

v.

**JARKA CORPORATION OF BALTIMORE, Appellee.**

**No. 15020.**

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1971.

Decided June 22, 1971.

John H. Skeen, Jr., Baltimore, Md. (William A. Skeen, and Skeen, Wilson & Roach, Baltimore, Md., on brief), for appellant.

William R. Dorsey, III, Baltimore, Md. (Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

United States Lines, Inc., sued its stevedore, Jarka Corporation of Baltimore, for indemnification of the amount paid in satisfaction of a judgment for personal injury damages awarded Walter Kwarta, a longshoreman employee of Jarka. Lines' claim was disallowed and on its appeal we reverse.

Kwarta was working in a hold aboard the SS American Racer, a ship owned by Lines and lying alongside a Baltimore pier. Upon returning from lunch ashore on July 25, 1968, he stumbled over a coil of heaving line left during his absence by a crewman in a narrow passageway on the weather deck. He was injured in the resulting fall. In his action against Lines, the defendant shipowner impleaded Jarka to recover indemnity in the event damages were awarded Kwarta. The impleader ascribed negligence to the longshoreman for not having observed the coiled line in time to skirt it. This dereliction was imputed to Jarka and characterized as a breach of the stevedore's implied warranty of workmanlike performance.

At trial the District Court, 314 F. Supp. 112, found the ship responsible for misplacing the line and thereby obstructing the gangway. For this delinquency the ship was declared unseaworthy and the owner negligent. But Kwarta too was held guilty of negligence, the Court saying "if plaintiff had been looking where he was going, he would have seen the coiled line at least a step or two before he did, and could have avoided the accident". His contribution to the accident was appraised at 33⅓% of the cause. Thus the judgment total for Kwarta of $10,255.20 was reduced to $6,836.80. These findings cannot on this record be overthrown as erroneous.

The Court, however, refused indemnity to the shipowner with this explanation:

"In *Italia* [Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732], the Court reiterated its position that a tort standard of negligence is inapplicable to the stevedore's liability under its implied warranty of workmanlike service, and said that 'liability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury. Where, as here, injury-producing and defective equipment is under the supervision and control of the stevedore, the shipowner is powerless to minimize the risk; the stevedore is not.' 376 U.S. at 324, 84 S.Ct. at 754.

"In the instant case the negligent act of the seaman in placing the coiled heavy line in the narrow walkway * * * created a trap into which plaintiff negligently fell. Applying the rationale of *Italia*, quoted above, the injury-producing equipment in the instant case was under the supervision and control of the seamen employed by defendant shipowner; the shipowner and its employees were the parties best situated to adopt preventive measures and thereby reduce the likelihood of injury. Under these circumstances it would be unreasonable and unfair to require Jarka to indemnify defendant shipowner.

**28**

"This conclusion also has the merit of fairness."

However equitable, the analogy of principle the District Court draws from *Italia* and applies here has rarely been adapted to preclude a judgment-over by the ship against the stevedore even when the ship has breached its duty of care. On the contrary, the prevailing precept is that the contributory negligence of a longshoreman is imputed to the stevedore and becomes actionable as a breach of the stevedore's warranty of workmanship.

Actually, on the following facts *Italia* held just the opposite to the District Judge here:

"During the course of Oregon's stevedoring operations in Portland, one of its longshoreman employees, Griffith, was injured on the M.S. *Antonio Pacinotti* when a tent rope snapped. The rope, permanently attached to a hatch tent used to protect cargo from rain, was furnished by Oregon pursuant to its obligation to supply ordinary gear necessary for the performance of stevedoring services. The injured longshoreman sued the shipowner in a state court for negligence and unseaworthiness and recovered a judgment against Italia upon a general verdict." (Footnote omitted) 376 U.S. at 317, 84 S.Ct. at 750.

The Court then reaffirms the doctrine earlier announced in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), further expounding the stevedore's liability for indemnity notwithstanding fault attributable to the shipowner. Explication was provided through abundantly cited examples:

"Subsequent decisions have made clear that the stevedore's obligation to perform with reasonable safety extends * * * to the use of equipment incidental thereto, Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563 [78 S.Ct. 438, 2 L.Ed.2d 491], including defective equipment supplied by the shipowner, Crumady v. The J. H. Fisser, 358 U.S. 423 [79 S.Ct. 445, 3 L.Ed.2d 413], cf. Waterman S.S. Corp. v. Dugan & McNamara, Inc., 364 U.S. 421 [81 S.Ct. 200, 5 L.Ed.2d 169], and that the shipowner's negligence is not fatal to recovery against the stevedore * * *. And last Term in Reed v. The Yaka, 373 U.S. 410, [83 S.Ct. 1349, 10 L.Ed.2d 448], we assumed, without deciding, that a shipowner could recover over from a stevedore for breach of warranty even though the injury-causing defect was latent and the stevedore without fault." 376 U.S. at 319–320, 84 S.Ct. at 751.

Confirming *Italia* with emphasis is Arista Cia De Vapores, S.A. v. Howard Terminal, 372 F.2d 152, 153 (9 Cir. 1967):

"The appellee's contention that the longshoreman's negligence is not imputable to his stevedore employer because the negligence injured only the longshoreman himself is not correct in fact or valid in law."

Presently, particularly apt for its circumstances is Crumady v. The J. H. Fisser, supra, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959), noted in *Italia*, supra. There the longshoreman was hurt because of the improper setting by the crew of a winch utilized in loading the vessel. The Court granted judgment on the basis of the ship's unseaworthiness and negligence. Nevertheless, the shipowner was awarded indemnity against the stevedore whose longshoremen put too heavy a strain on the winch. This was held negligent and the basis for indemnification because it brought "into play the unseaworthy condition of the vessel". The Court wound up its opinion with this summary:

"We conclude that since the negligence of the stevedores, which brought the unseaworthiness of the vessel into play, amounted to a breach of the warranty of workmanlike service, the vessel may recover over." 358 U.S. at 429, 79 S.Ct. at 448.

The striking parallel is that in the instant case also the ship created the danger, but the longshoreman brought it into play. In the pattern of *Italia*, and here, is the later opinion of Southern Stevedoring & Contracting Co. v. Hellenic Lines, Ltd., 388 F.2d 267 (5 Cir. 1968). The shipowner had originated the threatening situation and was found liable for damages. Still the owner was not barred from succeeding on the stevedore's warranty, because the latter had triggered the menacing factor.

Pertinent also is Mortensen v. A/S Glittre, 348 F.2d 383 (2 Cir. 1965). A longshoreman's judgment against the ship rested on unseaworthiness, but the amount was reduced by one-third because of his contributory negligence. Again, the Court declined to foreclose action-over by the ship, saying that while the vessel's unseaworthiness may have been the fundamental fault, the precipitating cause was the conduct of the longshoreman.

■ We are not unmindful of the reservation in Weyerhaeuser Steamship Co. v. Nacirema Operating Co., Inc., supra, 355 U.S. 563, 567, 78 S.Ct. 438, 441, 2 L.Ed.2d 491 (1958) that the ship is only "entitled to indemnity *absent conduct* on its part sufficient to preclude recovery". (Accent added.) Such "conduct", however, does not include "the mere creation of the unsafe condition", Mortensen v. A/S Glittre, supra, 348 F.2d 383, 385 (2 Cir. 1965).

■ The District Court relies on the opinion in Maples' Case, 1966 AMC 2032, 2035 (S.D.Tex.1966), where the Court without elaboration concluded that "the shipowner's furnishing of the negligently designed and constructed access way and ladder which was the proximate cause of Maples' injury was conduct on the part of the shipowner sufficient to preclude its recovery of indemnity from the stevedoring company". The Court found no breach of the stevedore's implied warranty of workmanship despite the contributory negligence of its injured employee which justified diminution of the judgment by 40%. The instant case is different, for our review of precedent compels us to lay the contributory negligence of Kwarta upon his stevedore employer, and to find no "conduct" on the part of Lines sufficient to preclude recovery. This conclusion comports with our holding in Calmar Steamship Corp. v. Nacirema Operating Co., 266 F.2d 79 (4 Cir. 1959), cert. denied 361 U.S. 816, 80 S.Ct. 56, 4 L.Ed.2d 62.

Speaking to the same issue in United States v. Hollis, 424 F.2d 188, 192 (4 Cir. 1970) we summarized in this way: "If the accident resulted solely from the negligence of the United States [shipowner], without fault on Hollis' [longshoreman's] part, then the United States should not be indemnified. On the other hand, if Hollis was contributorily negligent, then the liability must fall on his employer, Charleston Drydock [stevedore]." At issue in *Hollis* was an express warranty in which the coverage was no broader than an implied warranty.

Subordination of the ship's dereliction to the vicarious negligence of the stevedore is also applied, although without enthusiasm, in accordance with *Italia* in McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334 (2 Cir. 1969) cert. denied Golten Marine Co. v. Trelleborgs Angfartygs A/B, 395 U.S. 946, 89 S.Ct. 2020, 23 L.Ed.2d 464 On this and the foregoing precedents, we must vacate the decision of the District Court, and imputing the longshoreman's negligence to the stevedore, find the ship entitled to judgment on its claim for indemnification, counsel fees and expenses of suit.

Vacated and judgment directed.