**CHINESE MARITIME TRUST, LTD.,**
Appellant,

v.

**CAROLINA SHIPPING COMPANY,**
Appellee.

**CHINESE MARITIME TRUST, LTD.,**
Appellee,

v.

**CAROLINA SHIPPING COMPANY,**
Appellant.

Nos. 71–1627, 71–1749.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1971.

Decided March 6, 1972.

on board a ship belonging to Chinese Maritime Trust, Ltd., of London. He filed suit against shipowner, Chinese Maritime, to recover for his injuries. Shipowner brought a third-party action against stevedore for indemnification, charging a breach of the stevedore's warranty of workmanlike performance. Subsequently, Horlbeck and shipowner reached an agreed settlement between them and stevedore has agreed that the amount paid by shipowner in settlement was reasonable. The third-party action for indemnity was tried by the court without a jury.

The district court found that the only reasonable inference to be drawn from the evidence was that the injuries to Horlbeck were due to his own negligence, that the injuries were not due to any fault or unseaworthiness on the part of the vessel and not due to any breach of warranty of workmanlike performance on the part of the stevedore. Judgment was entered in favor of the stevedore and shipowner has appealed in No. 71–1627.

B. Allston Moore, Jr., Charleston, S. C. (Buist, Moore, Smythe & McGee, Charleston, S. C., on brief), for appellant in No. 71–1627 and for appellee in No. 71–1749.

Charles H. Gibbs, Charleston, S. C. (Sinkler, Gibbs, Simons & Guerard, Charleston, S. C., on brief), for appellee in No. 71–1627 and appellant in No. 71–1749.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Theodore Horlbeck, a longshoreman employed by the stevedore, Carolina Shipping Co., was injured while working in Charleston (South Carolina) Harbor

Subsequent to the district judge's disposition, this court decided in United States Lines, Inc. v. Jarka Corp. of Baltimore, 444 F.2d 26 (4 Cir. 1971), that the contributory negligence of a longshoreman is imputed to his employing stevedore and becomes actionable as a breach of the stevedore's warranty of workmanlike performance. The *Jarka* court noted that the ship is entitled to indemnification "absent conduct on its part sufficient to preclude recovery." United States Lines, Inc. v. Jarka Corp. of Baltimore, *supra*, 444 F.2d at 29, *citing* Weyerhaeuser Steamship Co. v. Nacirema Operating Co., Inc., 355 U.S. 563, 567, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958). Here, the vessel was found to be wholly free of fault. *Jarka* controls our decision in the instant case and requires reversal of the judgment in No. 71–1627.[1]

---

1. The district judge was aware that *Jarka* was pending before this court on appeal at the time he decided the instant case and that the disposition of that appeal might require reversal of his decision. The *Jarka* appeal was from a decision in a case styled Kwarta v. United States Lines, Inc., 314 F.Supp. 112 (D.Md.

Carolina Shipping Co., has cross-appealed (No. 71–1749), asserting as ground therefor the shipowner's tardiness in filing a notice of appeal and in obtaining the district judge's order permitting the same to be filed out of time. Under Rule 4(a), Fed.R.App.P., an appeal in a civil case is routinely to be noted within thirty (30) days of entry of the judgment or order appealed from. However, upon a showing of "excusable neglect" the district court may extend the time for a period not to exceed thirty (30) additional days within which the notice of appeal may be filed.

██ Judgment below was entered on April 22, 1971. On June 1, 1971, shipowner filed a notice of motion for an extension of time for filing the notice of appeal and at the same time filed a notice of appeal. On June 29, 1971, the motion for extension came on for hearing and, after oral argument and consideration of the affidavit of counsel for shipowner which asked for relief on the ground of excusable neglect, the district judge extended the time in which shipowner could file its notice of appeal up to and including June 1, 1971. In practical effect, the district judge's order was an acceptance *nunc pro tunc* of the notice of appeal previously filed on June 1.

The stevedore's primary argument is that the district judge could not retroactively permit the filing of notice of the appeal after more than sixty (60) days

following the original judgment. Such procedure, however, has been impliedly approved by this court. Evans v. Jones, 366 F.2d 772 (4 Cir. 1966). We see no merit in the stevedore's claim that the district judge erred with respect to the late notice of appeal.

In No. 71–1627 the judgment below is vacated and the case is remanded for the entry of judgment consistent with the views herein expressed.

No. 71–1749 will be affirmed.

1970), in which the district court held under the facts and circumstances of that case that the contributory negligence of the plaintiff/longshoreman did not constitute a breach of the stevedore's warranty of workmanlike performance so as to entitle the ship to an award of indemnification over against the stevedore. During argument at the conclusion of testimony in the instant case the judge referred to the district court's decision in *Kwarta* and commented:

> I think I would be inclined to follow Judge Thomsen's opinion, and then you could have an appeal; and if Judge Thomsen is reversed, then this one would be reversed. Because I think that the—if you had to make an abso-

lute finding, I think you would have to conclude that it was the negligence of Horlbeck himself—would be the most logical explanation of the reason for the fall. And, therefore, following Judge Thomsen's reasoning, I would absolve the stevedore of any liability for indemnity herein, but base it wholly on that ground, so that in the event there was a reversal of [that] decision . . . then that would automatically amount to a reversal of this case.