Preston JULIAN, Plaintiff-Appellee,

v.

MITSUI O. S. K. LINES, LTD., In Personam, and M/V MEIJYUSAN, In Rem, Defendant-Third-Party Plaintiff-Appellant,

v.

STRACHAN SHIPPING COMPANY, Third-Party Defendant-Appellee.

No. 72–2259.

United States Court of Appeals, Fifth Circuit.

May 23, 1973.

Rehearing and Rehearing En Banc Denied July 9, 1973.

Thornberry, Circuit Judge, dissented and filed opinion and also dissented from denial of rehearing.

Joseph D. Cheavens, Houston, Tex., for plaintiff-appellant.

Theodore Goller, Houston, Tex., for Strachan Shipping Co.

Ned Johnson, Beaumont, Tex., for Julian.

Before BELL and THORNBERRY, Circuit Judges, and GROOMS, District Judge.

BELL, Circuit Judge:

This case arises out of the familiar *Sieracki-Ryan*[1] longshoreman-shipown-er-stevedore admiralty dispute. The injured longshoreman sued the shipowner alleging both unseaworthiness of the ship and negligence of its officers, agents and crew. The district court found the ship unseaworthy, but reduced the longshoreman's damages by 95 per cent as a result of his contributory negligence. In the shipowner's third party complaint against the stevedore to recover any damages paid to the longshoreman, the district court held that the shipowner was not entitled to indemnity from the stevedore. Two reasons were given in support of the judgment for the stevedore: (1) that the stevedore did not breach its warranty of workmanlike performance; and (2) that the shipowner, by furnishing an unseaworthy vessel, hindered the stevedore's performance so as to preclude indemnity.

This appeal involves only the indemnity claim by the shipowner against the stevedore. The question presented is whether the longshoreman's contributory negligence is merely a factor to be weighed in determining whether the stevedore has breached its warranty of workmanlike performance, or whether any contributory negligence constitutes a breach of the stevedore's warranty as a matter of law.

The rule in this Circuit is that contributory negligence ". . . is a factor to be taken into consideration on the issue of breach of the contractor's [stevedore's] implied warranty." Lusich v. Bloomfield Steamship Company, 5 Cir., 1966, 355 F.2d 770, 778. See also United States Lines Co. v. Williams, 5 Cir., 1966, 365 F.2d 332, 336; D/S Ove Skou v. Hebert, 5 Cir., 1966, 365 F.2d 341, 350. Cf. Diaz v. Western Ventures, Inc., 5 Cir., 1972, 467 F.2d 1361, 1362–1363.

We are asked to reconsider our position in light of the rule prevailing in the Second, Fourth, and Ninth Circuits, that any contributory negligence on behalf of the longshoreman is imputed to the

---

1. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Ryan Stevedoring Co. v. Pan-Atlantic S/S Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

stevedore and constitutes a breach of the stevedore's warranty as a matter of law. See e. g. McLaughlin v. Trelleborgs Angfartygs A/B, 2 Cir., 1969, 408 F.2d 1334; United States Lines v. Jarka Corp., 4 Cir., 1971, 444 F.2d 26; Arista Cia DeVapores, S. A. v. Howard Terminal, 9 Cir., 1967, 372 F.2d 152.[2]

Under the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the longshoremen's right to sue a shipowner is limited to claims based upon negligence of the shipowner alone. The doctrine of unseaworthiness is no longer available to injured longshoremen. The effect of limiting the shipowner's liability to his own negligence is to obviate the need for indemnity from the stevedore. Consequently the amendments provide that the stevedore employer shall not be held liable to a shipowner for damages paid by the shipowner to longshoremen and any warranties to the contrary shall be void. 33 U.S.C.A. § 905(b). These amendments did not become effective until November 1972. The instant case was tried in 1971 and final judgment in the district court was entered on March 21, 1972.

Without further consideration of the previous decisions of this Circuit or the conflict with those of the other circuits, we note that Congress has removed the underlying basis for the decisions. Moreover, we are not convinced that our prior decisions are unsound. We thus proceed to the merits on the "factor" approach.

■ The district court found that the longshoreman's conduct was "so grossly careless that a court might characterize the injury as wholly self-inflicted." However, the court did find that the ship possessed a defectively designed step which rendered it unseaworthy. Therefore, the court actually reduced the longshoreman's damages by 95 per cent rather than 100 per cent, stating that application of comparative negligence principles should seldom result in complete exoneration of unseaworthi-

ness. In view of these findings, we hold that the longshoreman's contributory negligence was so substantial as to require the conclusion that the stevedore breached its warranty of workmanlike performance. This result follows even though we apply the rule that contributory negligence is only a factor to be considered in deciding whether the warranty is breached.

Finding a breach of the stevedore's warranty, we proceed next to the question whether the shipowner's conduct was as the district court held, sufficient to preclude indemnity. The district court found that the ship was "defectively designed and unseaworthy because the only available route by which a longshoreman might proceed from the No. 5 hold to the main deck involved a 26½ inch drop for which no ladder or step had been provided". The longshoreman in the instant case injured himself while trying to negotiate this 26½ inch drop.

■ The district court was presented with a situation of negligence imputed to the stevedore on the one hand and unseaworthiness on the part of the ship on the other. The court could not prorate damages but they were in fact prorated by the contributory negligence holding and the subsequent holding on indemnity. The court left a five per cent charge against the shipowner for unseaworthiness by denying indemnity. Under the "factor" rule we cannot say that this was error.

Affirmed.

THORNBERRY, Circuit Judge (dissenting):

Although, as the majority points out, the 1972 amendments to the Longshoremen's and Harbor Workers' Act greatly diminish the importance of this case as precedent, our duty to decide it correctly is not diminished. With deference, I must disagree with one important aspect of the majority's reasoning and with the result it reaches.

First, in considering the question of the stevedore's breach of warranty of workmanlike performance, I believe we

2. The Third Circuit has taken a position somewhat near the rule of this Circuit. See Shaw v. Lauritzen, 3 Cir., 1970, 428 F.2d 247, 250–251, where the court approved a jury instruction which provided:

"If you find [the Stevedore's negligence] was a substantial factor in causing the injury, the shipowner . . . is entitled to recover . . . against the stevedore . . . .".

should follow the *per se* rule of the Second, Fourth, and Ninth Circuits that the longshoreman's negligence constitutes a breach of warranty of workmanlike performance as a matter of law. This rule accords better with the precedents and with logic than the majority's factor approach. If the longshoreman's negligence is imputed to the stevedore—and it is imputed in this Circuit as in others, *see* United States Lines Company v. Williams, 5th Cir. 1966, 365 F.2d 332, 334 n. 4—then it is difficult to understand how the stevedore, having negligently contributed to the cause of an accident through the acts of the longshoreman, might nevertheless avoid breaching its warranty of workmanlike performance, the essence of which is to perform its work "properly and safely." Ryan Stevedoring Company v. Pan-Atlantic S/S Corporation, 1955, 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133. Lusich v. Bloomfield Steamship Company, 5th Cir. 1966, 355 F.2d 770 and United States Lines Company v. Williams, *supra*, upon which the majority rely, do contain language supporting the factor approach, but I do not read them to establish that approach in this Circuit. Those cases reversed because the trier of fact had failed to consider the longshoreman's negligence at all on the question of breach of warranty, but did not limit the scope of that consideration to that due a "factor" or otherwise preclude the *per se* approach. In this case, of course, the *per se* approach yields the same results as the factor approach of the majority: the warranty of workmanlike performance was breached.

On the question whether the district court clearly erred in finding the shipowner was guilty of such conduct as to preclude indemnity I disagree with the majority's result. The only fault of the shipowner was furnishing a ship with a twenty-six and one-half inch step—a condition found to be unseaworthy. The district court concluded, "Although the step did constitute an unseaworthy condition, it was not particularly formidable to those who follow an active trade and its hazards might easily have been avoided by the use of ordinary care." The defectiveness of the step contributed only five percent to the cause of the accident. In these circumstances, when the shipowner's conduct is weighed

against the stevedore's breach of warranty of workmanlike performance, Waterman S/S Corporation v. David, 5th Cir. 1966, 353 F.2d 660, I do not believe the shipowner's conduct could reasonably be found sufficient to preclude recovery to which it would otherwise be entitled. Its conduct did not "prevent or seriously handicap the stevedore in his ability to do a workmanlike job." Albanese v. N. V. Nederl. Amerik Stoomv. Maats., 2nd Cir. 1965, 346 F.2d 481; *see also* Corbin on Contracts § 1264.

Accordingly, I would reverse the judgment below denying indemnity.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

THORNBERRY, Circuit Judge (dissenting):

I dissent as to the denial of the petition for rehearing.