Lowell E. BELL, and Jane W. Bell, Plaintiffs,

v.

ISTHMIAN LINES, INC., Defendant-Third-Party Plaintiff,

v.

SEABOARD COAST LINE RAILROAD COMPANY, Third-Party Defendant.

No. 71–15 Civ. Ft. M. K.

United States District Court, M. D. Florida, Ft. Myers Division.

Sept. 6, 1973.

Reginald M. Hayden, Jr., E. James Schmick, Miami, Fla., for plaintiffs.

Richard F. Ralph, Miami, Fla., for defendant and third party plaintiff.

L. Robert Frank, Allen, Dell, Frank & Trinkle, Tampa, Fla., Julian D. Clarkson, Ft. Myers, Fla., for third party defendant.

## ORDER

KRENTZMAN, District Judge.

This case is scheduled for jury trial in Fort Myers during the period beginning September 10, 1973. At the pretrial conference held July 24, 1973, defendant-third party plaintiff, Isthmian Lines, Inc., and third party defendant, Seaboard Coast Line Railroad Company, presented oral arguments on the question of Isthmian's right of indemnity against Seaboard. The parties have subsequently filed memoranda of law on the issue, which the Court has considered.

Plaintiff is a longshoreman who brought suit against defendant shipowner for negligence and unseaworthiness. Defendant brought a third party suit against the stevedore, Seaboard, seeking indemnity for any damages it may be held liable for.

As a result of the injuries, the railroad paid to the plaintiff longshoreman's compensation and medical expenses under the Longshoremen's and Harbor Workers' Act. 33 U.S.C. § 901, et seq.

Section 905 of that Act contained the following language which has subsequently been amended:

"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death. . . ."

In Seas Shipping Co. v. Sieracki, 328 U.S. 25, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), the Supreme Court held that the doctrine of seaworthiness was available to a longshoreman against a vessel for injuries sustained on the vessel while in port. In Ryan Stevedoring Co. v. Pan Atlantic S. S. Corp., 350 U.S. 124, 76 S. Ct. 232, 100 L.Ed. 133 (1956), the Supreme Court held that a vessel may obtain indemnity against the stevedore for damages payable to longshoremen on the

theory that the stevedore had breached a warranty of workmanlike performance to the vessel.

As a result of the above two cases, a stevedore could be held indirectly liable to a longshoreman for damages sustained by the longshoreman if the longshoreman sued the vessel for unseaworthiness and the vessel sought indemnity against the stevedore. This result was obtained despite the apparent exclusive statutory remedy provided the longshoreman against the stevedore by the Act for any damages to the longshoreman.

In response to these cases, Congress amended § 905 in 1972. The new section, enacted October 27, 1972, now provides:

"(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee. . . on account of such injury . . . .

(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel as a third party . . . and the employer shall not be held liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. . . . The liability of the vessel under this subsection shall not be based upon the warranty of unseaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter." 33 U.S.C. § 905.

In the House Report on the amendment, the Committee on Education and Labor discussed the *Sieracki* and *Ryan* cases and their effect on the "exclusive" remedy provided in § 905. The Committee concluded that:

" . . . given the improvement in compensation benefits which this bill would provide, it would be fairer to all concerned and fully consistent with the objective of protecting the health and safety of employees who work on board vessels for the liability of vessels as third parties to be predicated on negligence, rather than the no-fault concept of seaworthiness.

\* \* \* \* \* \*

Since the vessel's liability is to be based on its own negligence, and the vessel will no longer be liable under the seaworthiness doctrine for injuries which are really the fault of the stevedore, there is no longer any necessity for permitting the vessel to recover the damages for which it is liable to the injured worker from the stevedore or other employer of the worker." 1972 U.S.Code Cong. & Adm.News, pp. 4703–04.

In the instant case, the longshoreman-plaintiff was injured on March 14, 1968. The suit was filed October 26, 1971. Defendant contends that the new § 905 should only be given prospective application, as is usually the wont with statutes. Third party defendant contends that the new section should be applied retroactively, thus barring any indemnity suit by the vessel against it. No reported case has been cited regarding the retroactivity *vel non* of § 905. In Julian v. Mitsui O. S. K. Lines Ltd. 479 F.2d 432 (5 Cir. 1973), the Fifth Circuit indicated that prospective application should be given to § 905. In that case, however, trial on the issue of indemnity was completed before the effective date of § 905, and the Fifth Circuit did not specifically reach this issue.

■■ The retroactivity *vel non* of the statute is a matter of congressional intent. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858 (1938). Retroactivity, even where permissible, is not favored by the courts except under the clearest mandate. Claridge Apts. Co. v. C. I. R., 323 U.S. 141, 164, 65 S.Ct. 172,

89 L.Ed. 139 (1944). Absent any such mandate, the presumption is that a statute operates prospectively only. Hassett v. Welch, *supra.*

■ Due to the sometimes harsh effect of retroactivity, statutes affecting substantial rights are invariably given prospective application; laws relating to procedure are given more liberal interpretation by the courts and are sometimes applied retroactively. Beatty v. United States, 191 F.2d 317, 320 (8 Cir. 1951).

■ Furthermore, a distinction should should be drawn between curative statutes and amendatory statutes. Curative statutes, which by their nature are designed to affect the past, are necessarily retroactive in application. Connett v. City of Jerseyville, 96 F.2d 392 (7 Cir. 1938). Amendatory acts, which create or abrogate claims for relief or substantive rights, are usually accorded prospective application. In re Reilly, 442 F.2d 26 (7 Cir. 1971); Koster v. Warren, 297 F.2d 418 (9 Cir. 1961).

■ In the instant case, § 905 was amended in 1972 to abrogate unseaworthiness as a claim for relief by longshoremen against vessels in port. The amended statute also prevented any indemnity actions by vessels against the stevedore-employer for injuries to longshoremen. Indeed, the statute went so far as to void any contractual indemnity rights which vessels might seek against stevedores. In thus affecting substantive rights of longshoremen and vessels, the new § 905 should only be applied prospectively in accordance with the above rules of statutory interpretation.

The presumption of non-retroactivity has not been overcome by any clear and convincing evidence of a legislative mandate to the contrary. The Court is aware that Congress, in amending § 905, clearly intended to reverse the effect of the *Sieracki* and *Ryan* cases on the liability of stevedores. The old § 905 had failed to take into account the doctrines of seaworthiness and indemnity in limiting the liability of stevedores for injuries to longshoremen. Section 905, as amended, now provides stevedores with exclusive liability to their employees through the Workers' Compensation Act.

Further evidence of congressional intent that the section be applied prospectively is the fact that the amendments also improved the benefit structure of the Act. The maximum benefit amounts were increased, along with other changes in calculation of benefits and survivor benefits. The Committee Report states:

> "Accordingly, the Committee has concluded that, given the improvement in compensation benefits which this bill would provide, it would be fairer to all concerned and fully consistent with the objective of protecting the health and safety of employees who work on board vessels for the liability of vessels as third parties to be predicated on negligence, rather than the no-fault concept of seaworthiness. This would place vessels in the same position, insofar as third party liability is concerned, as land-based third parties in nonmaritime pursuits."

1972 U.S.Code Cong. & Adm.News, p. 4703.

The change in the liability structure of longshoremen, vessels and stevedores was thus accompanied by an improvement in the Compensation Act itself. To apply § 905 retroactively would thus raise the possibility of a longshoreman who was compensated under the old benefit system, yet could not utilize the seaworthiness doctrine to obtain further compensation for his injuries.

For the foregoing reasons, the Court holds that § 905 should only be applied prospectively. Defendant Isthmian Lines may thus maintain an indemnity action against the stevedore in the circumstances of this case. Furthermore, plaintiff may seek damages for unseaworthiness against the vessel.