William ADDISON, Plaintiff,

v.

BULK FOOD CARRIERS, INC., Defend-
ant and Third-Party Plaintiff,
Appellee,

v.

JOHN J. ORR & SON, INC., Third-
Party Defendant, Appellant.

No. 73-1362.

United States Court of Appeals,
First Circuit.

Argued Dec. 5, 1973.

Decided Jan. 9, 1974.

David Berman, Medford, Mass., with whom Michael T. Prendergast, Boston, Mass., was on brief, for appellant.

Leo F. Glynn, Boston, Mass., with whom Glynn & Dempsey, Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Appellant, a stevedoring firm, was impleaded as third-party defendant in an action for negligence and unseaworthiness initially brought in September 1972 by one of its employees, Addison, against the owner of a vessel, Bulk Food Carriers, Inc., on which he was injured in July 1972. The third-party complaint, filed January 16, 1973, alleged that if Bulk Food was liable to Addison, then appellant was liable to the same extent to Bulk Food for breaching its warranty of workmanlike performance. Appellant moved for summary judgment dismissing the complaint on the ground that a recent amendment to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1970), precluded its liability.[1]

---

1. Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972,

Pub.L. No. 92-576, § 18(a), 86 Stat. 1263, *amending* 33 U.S.C. § 905 (1970) (codified

The district court denied the motion, holding that the amendment did not apply retroactively to injuries incurred prior to its effective date, November 26, 1972. 363 F.Supp. 1016. We affirm.

■ As the district court pointed out in its well-reasoned opinion, there were several amendments to the Compensation Act in 1972. Together they effected a comprehensive revision of party rights where a longshoreman is injured while working on shipboard. One part of this revision was the elimination of stevedore indemnity to the shipowner on the theory of breach of a workmanlike performance warranty, the provision at issue here. The amendments further provided for increases in workmen's compensation benefits payable to the injured longshoreman by his employer, the stevedore, and for abolition of the longshoreman's right to seek recovery against the shipowner for unseaworthiness.[2] *See* 33 U.S.C. §§ 905(b), 906(b)–(d), 907(a)–(i), 910(f)–(h) (Supp. II, 1972), *amending* 33 U.S.C. §§ 905–907, 910 (1970); Falletta v. Costa Armatori, 476 F.2d 316, 317 n. 1 (2d Cir. 1973); Bell v. Isthmian Lines, Inc., 363 F.Supp. 156, 159 (M.D.Fla.1973). Thus, the injured longshoreman lost a theory of recovery against the shipowner, previously established in Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), but gained increased benefits from the stevedore. The shipowner lost the right to seek indemnity from the stevedore, previously established in Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), but gained freedom from one theory of liability for the longshoreman. The stevedore was obliged to pay increased benefits to the longshoreman but was no longer required to indemnify the shipowner.

Our reading of the legislative history, which includes explicit statements on point by congressional sponsors,[3] convinces us that this intricate and interdependent revision of party rights was intended to have only prospective effect. Bell v. Isthmian Lines, Inc., *supra,* 363 F.Supp. at 159; *see* Eskine v. United Barge Co., 484 F.2d 1194, 1196 (5th Cir. 1973); Julian v. Mitsui O. S. K. Lines, Ltd., 479 F.2d 432, 434 (5th Cir. 1973). Indeed, even if the legislative history were silent, where Congress has nullified rights of recovery previously established by Supreme Court precedent we would in any event feel constrained to follow the long standing rule of construction that statutes be given only

---

at 33 U.S.C. § 905(b) (Supp. II, 1972)) (emphasis added):

"* * * *

"(b) In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel as a third party . . ., and *the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void* . . . . The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter."

2. However, the longshoreman could still sue the shipowner on a theory of negligence. *See* 33 U.S.C. § 905(b) (Supp. II, 1972).

3. *See* 118 Cong.Rec. H 10,043 (daily ed. Oct. 14, 1972):

"Mr. BURTON: * * * * *

Does the gentleman from Minnesota (Mr. QUIE) concur in the judgment of the bill managers and of the subcommittee chairman (Mr. DANIELS) that any cause of action arising prior to the date of enactment of this legislation would be in no way aborted, frustrated, or reduced in any manner, shape or form?

There are no existing remedies available to an injured longshoreman as of this date that would be affected or diminished for any cause of action arising prior to the effective date of this act. Any effort made through motions to dismiss actions in the Federal courts would be unavailing if this clear intention of the Congress is followed.

* * * * *

Mr. QUIE: The answer to the gentleman's answer is 'yes'.

Mr. ECKHARDT: * * *

I will state, in answer to the gentleman, that of course this bill is not retroactive."

prospective effect unless Congress has unmistakably manifested a contrary intention. Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); Union Pac. R. R. v. Laramie Stock Yards Co., 231 U.S. 190, 199, 34 S.Ct. 101, 58 L.Ed. 179 (1913).

Finally, the fact that the shipowner in the instant case did not file its third-party complaint against appellant until after the effective date of the 1972 amendments does not detract from the soundness of the district court's conclusion. The critical date was that of the longshoreman's injury. It was then that his rights vested against the shipowner and the shipowner's rights in turn vested against the stevedore. Appellant's other contentions are without merit.

Affirmed.