**Raymond A. YOCHIM, Sr.**

v.

**LYKES BROS. STEAMSHIP CO. INC.**

**Civ. A. No. 75–3211.**

United States District Court,
E. D. Louisiana.

April 13, 1977.

Ronald K. Gurley, of Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, La., for plaintiff.

William E. Wright, of Terriberry, Carroll, Yancey & Farrell, New Orleans, La., for defendant.

## REASONS FOR JUDGMENT

CHARLES SCHWARTZ, District Judge.

This matter came before the Court on a former day on the motion of defendant Lykes Bros. Steamship Co., Inc. for summary judgment. Following oral argument by counsel, the motion was granted.

This is a suit in which plaintiff Yochim seeks recovery from his employer Lykes Bros. for personal injuries which were allegedly the result of his employer's negligence and the unseaworthiness of Lykes' vessel the CHARLOTTE LYKES. The basis for jurisdiction alleged is the general maritime law.

It is the position of defendant that plaintiff does not state a cause of action under maritime law and further that any such claim is time barred by application of the doctrine of laches. For the reasons hereinafter set out, it is the opinion of the Court that this case does not arise under maritime law, and so holding, the question of laches need not be addressed.

On or about May 23, 1972, plaintiff was employed by defendant as a cargo checker. On that date, plaintiff was assigned to check a cargo of seisel which had been off-loaded from the CHARLOTTE LYKES at the Nashville Avenue Wharf in New Orleans. The seisel was stacked on pallet boards on the wharf and the marks on it were not readily visible. In order to facilitate the checking of the marks, a fork lift driver moved a tier of the stacked seisel. Mr. Yochim then proceeded toward the cargo in its new location and, as he crossed the areas of the wharf vacated by the lift machine, slipped on a quantity of polyethylene pellets which were on the wharf. Defendant takes the position that plaintiff is barred by compensation law, whether state or federal, from any recovery from his employer based upon negligence. It is further asserted that in order to recover based upon unseaworthiness from Lykes as the vessel owner, plaintiff must show that the injury was the result of the unseaworthiness of cargo removed from the vessel, there being no remedy based upon unseaworthiness for injury on a wharf as the result of outbound cargo, or its packaging.

Considering the facts in this matter and the law controlling,[1] it is the Court's opinion that the position of defendant is a sound one.

■ Plaintiff's exclusive remedy as against his employer is that of compensation. 33 U.S.C. § 905; L.R.S. 23:1032. However, a longshoreman is also entitled to an action against a vessel owner for unseaworthiness even if his employer also owns the vessel in question. Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); Jackson v. Lykes Bros. Steamship Co., Inc., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967).

Plaintiff argues that when there is negligence of a vessel, that an employee is entitled to an action based thereon even if the vessel owner is his employer. However, plaintiff has not provided, nor is the Court aware of authority in support of this position.[2]

■ Plaintiff's claim based on unseaworthiness arises from the alleged defect in the ship's cargo. However, the record re-

---

1. As the accident forming the basis of this suit occurred in May, 1972, this matter is controlled by the law prior to the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 901, et seq.

2. Plaintiff cites Smith v. MV Capt. Fred, 546 F.2d 119 (5th Cir. 1977) in support of his position. However, Smith addresses a different factual situation arising out of the LSHA as amended so as to provide only a negligence action by a covered employee as against a vessel. The instant case is "pre amendment." The 1972 amendments are not retroactive. Eskine v. United Barge Co., 484 F.2d 1194 (5th Cir. 1973); Julian v. Mitsui O.S.K. Lines, Ltd., 479 F.2d 432 (5th Cir. 1973); Addison v. Bulk Load Carriers, Inc., 489 F.2d 1041 (1st Cir. 1974); Scalafani v. Moore McCormack Lines, Inc., 388 F.Supp. 897 (E.D.N.Y.1975); Bell v. Isthmian Lines, Inc., 363 F.Supp. 156 (M.D.Fla., 1973).

veals that there was no defect in the seisel which was unloaded from the CHARLOTTE LYKES onto the wharf. The cause of plaintiff's slip on the wharf resulted not from the ship's cargo, but from the presence on the wharf of plastic pellets which were a residue of cargo outbound from the wharf. (Affidavit of Lee R. McCuthen; Deposition of Raymond Yochim, at p. 17).

 A longshoreman injured on a pier or wharf may sustain a claim for unseaworthiness when his injury was the result of defective cargo or cargo containers being unloaded from a vessel, however, the mere fact that he is engaged in the unloading of a vessel does not give rise to a recovery based on unseaworthiness. *Gutierrez v. Waterman SS Corp.,* 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1967); *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). A vessel cannot be rendered unseaworthy as the result of cargo not yet loaded onto or in the control of the vessel, the doctrine of seaworthiness becoming operable "seaward of the gangplank." *Pryor v. American President Lines,* 520 F.2d 974 (4th Cir.), cert. denied, 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976).

In the instant case the facts are uncontroverted and in support of the conclusion that the cause of plaintiff's injury was not cargo unloaded from the defendant's vessel but was due to the condition of the wharf itself as the result of residue from cargo loaded onto an unknown vessel at some prior time. Accordingly, plaintiff herein cannot assert a claim for unseaworthiness against defendant's vessel and summary judgment has accordingly been granted.