**Charles SCALAFANI, Plaintiff,**

v.

**MOORE McCORMACK LINES, INC., Defendant and Third-Party Plaintiff,**

v.

**UNIVERSAL TERMINAL AND STEVEDORING CORP., Third-Party Defendant.**

**No. 72–C–572.**

United States District Court,
E. D. New York.

Feb. 10, 1975.

---

8. 18 U.S.C. §§ 1426 and 2.

9. 18 U.S.C. § 4209 and Ch. 402.

10. 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2.

11. 8 U.S.C. § 1324(a)(2).

Irving B. Bushlow, Brooklyn, N. Y., for plaintiff.

Dougherty, Ryan, Mahoney, Pellegrino & Giuffra, New York City, for defendant and third-party plaintiff; Robert J. Giuffra, New York City, of counsel.

Commette, Quencer & Annunziato, New York City, for third-party defendant.

## MEMORANDUM DECISION

COSTANTINO, District Judge.

■ This is an action by a longshoreman against the owner of a ship for damages resulting from plaintiff's fall on a platform leading to the deck of defendant's ship. The shipowner impleaded plaintiff's employer, a stevedoring company. Trial without a jury was held solely on the issue of liability on May 6 and September 23 and 24, 1974. The Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub.L.No. 92–576, § 18(a), 86 Stat. 1263, amending 33 U.S.C. § 905 (1970) [hereinafter called "the 1972 Amendments"] which substantially changed the law in this area, are inapplicable since the date of injury was prior to the effective date of the 1972 Amendments, Addison v. Bulk Food Carriers, Inc., 489 F.2d 1041, 1043 (1st Cir. 1974); see Falletta v. Armatori S.p.A Genoa, 476 F.2d 316 (2d Cir. 1973); Reyes v. Marine Enterprises, Inc., 494 F.2d 866, 868 (1st Cir. 1974).

■ The court finds the following facts: The S.S. Mormacdrago, owned and operated by defendant Moore McCormack Lines, Inc. [hereinafter "Mormac"] was moored to the 23rd Street Pier on January 1 and 2, 1971. On January 1, it snowed from 8:00 a. m. until after 4:00 p. m. At 1:00 p. m. on January 1, a shore gang employed by Atlantic Coast Industries Corporation came aboard the Mormacdrago pursuant to a contract with defendant Mormac to shovel snow off the gangway, platform, and decks. Plaintiff, an employee of third party defendant Universal Terminal and Stevedoring Corporation [hereinafter called "Universal"], started to go aboard the vessel at 2:00 p. m. on January 2 to take a coffee order from the gang aboard the vessel. To reach the deck from the top of the gangway, it was necessary for him to cross a platform on which he noticed patches of ice, snow, and sawdust. There were no handrails on a portion of the platform. Plaintiff attempted to walk across the platform to the best of his ability. Slipping on a patch of ice, snow, and sawdust at a point in the platform where there was no handrailing, he fell on his right knee, twisting his right ankle. Plaintiff was not contributorily negligent. The fall was witnessed by a fellow longshoreman, Mr. Anthony Misseri; the latter saw a skidmark in the vicinity of plaintiff's fall.

Plaintiff claims that defendant is liable to him on two grounds—unseaworthiness and negligent failure to provide a safe place to work.

### Unseaworthiness

■ Although the 1972 Amendments preclude a longshoreman from bringing an action for unseaworthiness against a vessel owner, the law which antedates the statute and is applicable here permits such an action. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). A platform is unseaworthy where there is such a condition of slipperiness that it is not reasonably fit for its intended use by the crew, see Rice v. Atlantic Gulf & Pacific Co., 484 F.2d 1318, 1321 (2d Cir. 1973). In this court's judgment, the existence of the slippery patches, together with inadequate handrails or other support aids rendered the platform not reasonably fit for its intended use. It follows that the platform was unseaworthy at the time of plaintiff's fall. Since the unseaworthy condition proximately caused plaintiff's fall, defendant is liable for damages

caused by the unseaworthy condition of the platform.

## Negligence

■ A shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew. Kermarec v. Compagnie Generale, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). The duty of exercising reasonable care entails providing a longshoreman with a safe place to work and safe passage to and from that place. Mendoza v. A/S J. Ludwig Mowinckels Rederi, 293 F.Supp. 1319 (S. D.N.Y.1968); 1A Benedict on Admiralty § 112. To establish that defendant shipowner negligently failed to meet his duty, plaintiff must show that defendant's actions or failure to act created an unsafe condition of which defendant had actual or constructive notice. Rice, 484 F.2d at 1320. To recover damages, plaintiff must show that defendant's negligence proximately caused his injuries.

■ The portion of the platform where plaintiff slipped was in an unsafe condition because of the presence of slippery patches of ice, snow and sawdust and the absence of handrailings or other sufficient support devices. Defendant had either actual or constructive notice of the unsafe condition; an employee named Gerald Gordon, whose duties included supervision of the platform, stated at a deposition that he inspected the platform as early as 8:00 a. m. on the date of plaintiff's fall. The evidence fails to indicate an appreciable change in the condition of the platform from that time to the time of plaintiff's fall. There is no question that defendant had a reasonable amount of time prior to plaintiff's fall at 2:00 p. m. to remedy the dangerous condition which its employee, Mr. Gordon, should have observed. Accordingly, the court finds that defendant Mormac was negligent in failing to correct the unsafe condition within a reasonable length of time after actual or constructive notice, see Blier

v. United States Lines, 286 F.2d 920 (2d Cir. 1961). Since this negligence proximately caused plaintiff's fall, this court holds defendant Mormac liable to plaintiff for its negligence.

## Defendant's Claim for Indemnity

■ Defendant Mormac's claim against Universal is based upon an express or implied warranty of workmanlike performance owed to Mormac by Universal. Whether "a hazard is created by the negligence of the shipowner or otherwise, the stevedoring firm is liable for indemnity if a workmanlike performance would have eliminated the risk of injury". Nicroli v. Den Norske Afrikaog Australielinie Wilhelmsens, Dampskibs-Aktieselskab, 332 F.2d 651, 656 (2d Cir. 1964); DeGioia v. United States Lines Co., 304 F.2d 421 (2d Cir. 1962). In the instant case, longshoremen employed by Universal boarded the ship on January 2 at 8:00 a. m. These longshoremen must be charged with actual or constructive knowledge of the condition of the platform at that time. Knowledge of a dangerous condition by a member of a stevedoring gang is imputed to his firm. Bertino v. Polish Ocean Line, 402 F.2d 863, 866 (2d Cir. 1968). The "implied warranty of workmanlike performance requires stevedores to remove defects and dangerous conditions on vessels on which they are employed and generally to see that the longshoremen work under reasonably safe conditions" Bertino, 402 F.2d at 866. Failure to comply with this duty renders Universal liable to Mormac for breach of warranty:

> a stevedore or other third-party defendant can undoubtedly be held for failure to correct a hazardous condition or prevent its employees from exposing themselves to danger of which it has knowledge, actual or imputed.

McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334, 1336 (2d Cir. 1968) (dictum), cert. denied, 395 U.S. 946, 89 S.Ct. 2020, 23 L.Ed.2d 464 (1969). The

case of Nye v. A/S D/S Svendborg and D/S AF 1912 A/S, 501 F.2d 376 (2d Cir. 1974), relied on by Universal, is distinguishable; indemnity was denied in *Nye* because, unlike in the instant case, plaintiff's employer "could not have known" of the condition which caused plaintiff's injury. *Nye*, 501 F.2d at 380. Accordingly, this court holds that Universal is liable to Mormac for whatever sums are assessed in plaintiff's favor against Mormac.

The above shall constitute the court's Findings of Fact and Conclusions of Law pursuant to Rule 52(a), Fed.R.Civ. P.