James MILLER, Plaintiff,

v.

UNION BARGE LINE CORPORATION,
a corporation
and
Southern Transfer Company, a corporation, Defendants.

Civ. A. No. 65–1095.

United States District Court
W. D. Pennsylvania.

May 28, 1969.

Theodore M. Tracy, Pittsburgh, Pa., John E. Wise, Louisville, Ky., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

The plaintiff in this action was a longshoreman employed by the Port of Louisville, a stevedoring enterprise. He was injured aboard a barge belonging to Union Barge Line Corporation. The barge was in navigable waters at the time. The injury was caused by a defective hatch cover lock. Union Barge Line Corporation claimed that the barge in question was under bare boat charter to the co-defendant Southern Transfer Company at the time. The jury accepted this contention and found for the plaintiff against Southern Transfer Company in the amount of $22,000.

It is admitted by post-trial proceedings that this verdict is for a substantially lesser sum that the amount already paid to plaintiff by his employer, Port of

Louisville, or its insurance carrier, under the Longshoremen's Act, 33 U.S.C. § 901 et seq.

Defendant Southern Transfer Company argues that the vessel was not in its possession or control at the time of the accident, that it was entirely in the possession and control of plaintiff's employer, the Port of Louisville, which accepted delivery of the barge for unloading purposes before the accident, and thus no warranty of seaworthiness arose between plaintiff and Southern Transfer Company. This is a river barge. It has no engines, it has no crew. It passes from one tow to another and from the towing tug to the stevedore's dock.

We do not find the circumstances sufficient to relieve the owner or the bare boat charterer from liability for an unseaworthy condition. The existence of the bareboat charter between Union Barge Line Corporation and Southern Transfer Company was sufficiently proven to satisfy the jury that Union Barge was no longer liable. But the circumstances of the transfer of possession and control to the Port of Louisville for unloading purposes were not established to the point where Southern Transfer Company is relieved of liability.

■ The demise or bare boat charter which relieves an owner of liability for seaworthiness must be a complete and exclusive relinquishment of possession, command and navigation. It is therefore, tantamount to, though just short of, an outright transfer of ownership. Anything short of such a complete transfer is a time or voyage charter party or not a charter party at all. The owner has the burden of showing such a charter. This burden is heavy for the courts are reluctant to find a demise when the dealings between the parties are consistent with any lesser relationship. Guzman v. Pichirilo, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205 [1962].

■ While the comparison between large ocean going vessels and unmanned and unpowered river barges is farfetched, nevertheless, we attempt to apply the same admiralty principles, and we cannot find that the delivery of a loaded barge to a stevedoring company for unloading amounts to the condition of being "tantamount to, though just short of, an outright transfer of ownership" described in Guzman v Pichirilo, supra, p. 700, 82 S.Ct. p. 1096.

In Mach v. Pennsylvania R.R. Co., 317 F.2d 761 [3 Cir. 1963], the question before the court was the applicability of the Jones Act to a stevedore situation. There the court found that plaintiff longshoreman was a member of the crew of the barge because from the time of its delivery to the stevedore (Railroad Company) for unloading, until its release all of the ship's services which the barge required were performed by the stevedore's employees who took the place of whatever crew that handled it during its journeys up and down the river. We have no Jones Act situation here because plaintiff's employer was not made party to the suit.

■■ A more difficult problem here arises from the fact that plaintiff's verdict is less than the amount he has received from his employer under the provisions of the Longshoreman's Act. Obviously, the plaintiff is not entitled to receive any payments under the verdict. Defendant has moved under Rule 60 on the grounds that a verdict for an amount less than that already paid should require entry of judgment for defendant. Plaintiff's counsel, while not disputing the contention that plaintiff may not recover under this verdict, claims that it should be awarded reasonable counsel fees and expenses out of this verdict because the result of their verdict has been to produce a fund for the benefit of the employer, or the employer's insurance carrier. Despite notice of the pendency of this action and of the verdict rendered, neither the employer nor the carrier have asserted any claim under this verdict. The employer was beyond the reach of process from this court, and could not have been joined as a party. Both it and its carrier would face a claim for indemnity by defendant

were they to assert a claim in this action.

▪ Defendant has moved for post trial relief both under Fed.R. of Civ.P. 19 and 60. The Rule 19 motion contemplates that either the Port of Louisville or its carrier, Liberty Mutual Insurance Company, is an indispensable party. We do not find it such. If either the Port of Louisville or Liberty Mutual are necessary parties at this stage, they are not now before the Court; the Port of Louisville appears to be outside the reach of our process and defendant has not acted to join Liberty Mutual Insurance Company which is the real party in interest by virtue of the statutory assignment of the claim under the Longshoreman's Act. We think we may proceed to judgment as to the parties before us.

▪▪ Plaintiff's counsel present an equitable claim for allowance of counsel fees because they have made a fund available to plaintiff's employer's insurance carrier. Where the employer himself sues a third-party and achieves recovery he is entitled to tax costs and attorney's fees over and above the amount of compensation payments that he recovers under 33 U.S.C.A. § 933(e). Plaintiff argues that the same right should be accorded when the employee brings the suit. The equitable principal that attorneys have a lien on the fund created for the benefit of another for the value of services rendered is recognized. Sprague v. Ticonnic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 [1939]. But here, neither the Port of Louisville nor Liberty Mutual Insurance Company have benefited from any fund. And before they can benefit they must claim the fund and expose themselves to a suit for indemnity.

We believe a simple and practical answer to this situation is provided by the scheme of the statute allowing third-party actions.

"The quite evident purpose of the statute was to assure the injured longshoreman that he would receive not less than the medical benefits and compensation prescribed by the Act. Provision was made for a potential dividend or bonus to him through a third party action, *but his interest clearly extends only to the excess over the employer's disbursements under the Act and his related litigation expenses.* (emphasis supplied) Ballwanz v. Jarka Corporation of Baltimore, 382 F.2d 433 [4th Cir., 1967].

The effect of the verdict has been to impose liability on defendant Southern Transfer Company. A further effect of the verdict and the post-trial discovery has been to establish that plaintiff is not entitled to payment because he has already been paid more than the verdict by his employer. The result is that the plaintiff is entitled to no damages from this defendant. In bringing this suit he and his counsel could only expect to recover any excess over the compensation previously paid. This was a risk that both plaintiff and his counsel assumed. The counsel are not now entitled to claim a fee out of a recovery which neither the employer nor its carrier ever desired to assert. We note the observation of Judge Brown in dissenting in Strachan Shipping Company v. Melvin, 327 F.2d 83 [5th Cir.]:

"In this sometime weird Ryan-Yaka world, there is only one thing certain: no stevedore in his right mind wants, or encourages, a suit by an injured employee against a third party vessel or vessel owner." (p. 90).

It was also noted in denying a similar claim for counsel fees in Ballwanz v. Jarka Corporation, supra, that the stevedore and its insurer did not employ the plaintiff's counsel, they lent them no encouragement, there was no acquiescence. The suit had no promise of benefit to them, but certain expense and the risk of much greater loss. (382 F.2d 436–437). The same observation is true in the present case where the Port of Louisville and Liberty Mutual Insurance Company have steered clear of involvement in this litigation.

Plaintiff had nothing to lose by bringing this suit. He hoped to gain a higher verdict than his compensation. He failed. He still retains the compensation. His attorneys undertook the risk of recovery under such circumstances if their employment was under a contingent fee contract. We can see no grounds for allowing them an award out of this verdict in the absence of an attempt by the employer or its carrier to benefit from this verdict.

We cannot agree with defendant that the result of this should be the entry of judgment N.O.V. in favor of defendant Southern Transfer Company. The verdict should stand for what it purports to be, a finding of liability against Southern Transfer Company under the facts of this case. Under the post-trial finding that plaintiff has already received more than this verdict by way of Longshoreman's Act compensation, he is entitled to no recovery under this verdict.

The defendant Southern Transfer Company raises the additional matter that plaintiff should be barred by laches. The Court has previously considered and rejected the defense of the statute of limitation and laches in pre-trial proceedings in its consideration of plaintiff's Motion to Amend to join Southern Transfer Company as a party defendant. Defendant Southern Transfer Company now raises laches again. The evidence of the close corporate relationship between the original defendant Union Barge Line Corporation and the added defendant Southern Transfer Company negates any contention of prejudice to Southern Transfer Company by the delay in making it a party to the action. We find no inexcusable delay and no prejudice to Southern Transfer Company. See Johnson v. Sword Lines, Inc. 257 F.2d 541 [3d Cir., 1959], and Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 [1956].

### ORDER

Now this 28th day of May, 1969, Defendants' Motions for Judgment N.O.V. and for relief under Fed.R. of Civ.P. 19 and Fed.R. of Civ.P. 60 are denied, and judgment shall be entered for plaintiff against defendant Southern Transfer Company on the verdict as to liability.

It is further ordered that plaintiff shall recover no damages from defendant under said verdict, it having been established of record that plaintiff has previously recovered an award of compensation under the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 933 in excess of the amount of said verdict.