David P. **BLAIR**

v.

**UNITED STATES STEEL CORPORATION, Appellant.**

No. 19214.

United States Court of Appeals, Third Circuit.

Argued June 3, 1971.

Decided June 17, 1971.

Ira R. Hill, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This appeal requires us to decide whether a bailee in exclusive possession of a river barge is an owner *pro hac vice* and thus liable for injuries to a stevedore whose injuries resulted from unseaworthiness of the vessel. The district court, 312 F.Supp. 293, found that appellant was such an "owner" and awarded damages to appellee.

The barge was towed by a river boat company to appellant's dock in a river harbor. It was tied to the dock along with other barges and left in appellant's possession for the purpose of loading it with pipe. After tying up the barge, the boat company left the area. Barge handlers, employed by appellant, were

responsible for movement of the vessel from various locations in the harbor by means of pulleys. Their duties also obliged them to place night warning lights on the moored barge.

Plaintiff, an employee of appellant, was one of four loaders whose job required him to receive the pipe which was lowered from the dock into the barge by crane. The loaders were to unhook the pipe from the crane sling and roll it into place on the barge. There was testimony that plaintiff was injured when the crane sling struck the side of the barge and the wall of the dock, causing him to jump from the tier of pipe on which he was standing and fall on an accumulation of ice on the deck of the barge. It was averred, and the district court found, that the accumulation of ice and the absence of sufficient illumination to disclose the presence of ice constituted unseaworthiness.

In Aird v. Weyerhaeuser S.S. Co., 169 F.2d 606, 609–610 (3 Cir. 1948), this court stated:

> If the owner of the vessel has given entire possession and control of it to another *by virtue of a demise charter or otherwise* \* \* \* the person thus put in possession and control of the vessel becomes special owner. \* \* \* Such a person is frequently described as "owner pro hac vice" which is merely a convenient expression to indicate that he stands in the place of the owner for the voyage or service contemplated and bears the owner's responsibilities, even though the latter remains the legal owner of the vessel.

(Emphasis supplied.)

There being no showing of an agreement between the owner of the barge and the appellant inconsistent with a demise, see Banks v. Chas. Kurz Co., 69 F.Supp. 61, 66 (E.D.Pa.1946), and there being sufficient evidence to sustain the district court's finding that appellant had possession and control of the barge, a finding which we do not consider clearly erroneous, Speyer v. Humble Oil

and Refining Co., 403 F.2d 766 (3 Cir. 1968), we are persuaded that the district court did not err in holding appellant liable as an owner *pro hac vice* for injuries sustained by a stevedore. *See* Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); Jackson v. Lykes Bros. Steamship Co., Inc., 386 U. S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967).

We have considered the other contentions presented by appellant and find them to be without merit.

The judgment of the district court will be affirmed.