**Henry E. RAO, Appellant,**

**v.**

**HILLMAN BARGE & CONSTRUCTION COMPANY.**

**No. 71–1794.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 8, 1972.

Decided Sept. 29, 1972.

Hymen Schlesinger, Schlesinger & Schlesinger, Pittsburgh, Pa., for appellant.

David J. Armstrong, Dickie, McCamey & Chilcote, Pittsburgh, Pa., M. Richard Dunlap, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

While a tank barge owned by United States Steel Corporation was being repaired at a dry dock owned by Hillman Barge & Construction Company, appellant's employer, Rao sustained an injury and thereafter brought this action under the Jones Act, 46 U.S.C. § 688, and joined a claim for unseaworthiness. A jury found that in performing the duties of a helper to a paint sprayer in the dry dock repair yards, appellant did not qualify as a "seaman" under the Jones Act. The district court, 326 F.Supp. 1091, thereafter entered judgment on the Jones Act count and granted appellee's motion to dismiss the unseaworthiness count. After careful consideration of the many contentions appellant raises in this appeal, we are persuaded no reversible error was committed and, accordingly, we will affirm.

Appellee was not the owner of the barge, and, therefore, cannot be held liable for its alleged unseaworthiness. Moreover, appellee was not the owner *pro hac vice* so as to incur an owner's responsibility for a vessel's unseaworthiness. The barge was not afloat, was not capable of being navigated, and was not moved by appellee's employees. For these reasons Blair v. United States Steel Corp., 444 F.2d 1390 (3d Cir. 1971), is inapplicable.

The relationship necessary for application of the doctrine of ownership *pro hac vice* is ordinarily that of bareboat charterer-shipowner. That relationship is distinguishable from the stevedore-shipowner relationship, Miller v. Union Barge Line Corp., 299 F.Supp. 718 (W.D.Pa.1969), or the ship repairer-shipowner relationship present in this case. See Guzman v. Pichirilo, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962); cf., Delta Engineering Corp. v. Scott, 322 F.2d 11 (5th Cir. 1963), reh. denied, 325 F.2d 432, cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). It may be observed that in an analogous fact situation we held the bareboat charterer, not the ship refitter, liable for unseaworthiness as the owner *pro hac vice*. Hawn v. Pope & Talbot, Inc., 198 F.2d 800 (3d Cir. 1952), aff'd, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953).

Additionally, aside from the crucial issue of vessel ownership, the repair work here in progress was not the type of work in which seamen have traditionally engaged. Therefore, the doctrine of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), is not applicable. At the time of the injury, appellant was a helper to a paint sprayer who was painting a barge which not only had been removed from the water, but was resting on a cradle in dry dock. Acknowledging that painting, or assisting a painter, may be performed by a seaman aboard a vessel, there is a basic distinction between minor maintenance painting when a vessel is moving or in port, and painting as a part of a major overhaul in which the vessel is beached and resting on a cradle. What was said by Judge Hastie in Bryant v. National Transport Corp., 467 F.2d 139 at 140 (3d Cir. July 18, 1972) is pertinent here:

Normal maintenance activities that are the responsibility of a ship's crew

**1278**

include some repair work. But a sensible and practical distinction can be and is drawn between repairs that can be and are likely to be made by seamen during the course of a voyage and repairs the nature and extent of which make them beyond the area of a seaman's normal responsibility. United N. Y. and N. J. Sandy Hook Pilots Assn. v. Halecki, 1959, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 . . .

The contention of improper conduct on the part of the trial judge is frivolous and totally devoid of merit.

The judgment of the district court will be affirmed.