James Winfred **ESKINE**, Plaintiff-Appellee-Cross Appellant,

v.

**UNITED BARGE COMPANY** et al., Defendants,

**Cargill, Inc.**, and Travelers Insurance Company, Defendants-Appellants,

**Union Barge Line Corp.** et al., Defendants-Cross Appellees.

No. 72–2427.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1973.

Rehearing Denied Oct. 12, 1973.

James E. Diaz, Lafayette, La., for Cargill, Inc., and Travelers Ins. Co.

William P. Rutledge, Lafayette, La., for Eskine.

James H. Daigle, George B. Matthews, New Orleans, La., for Union Barge Line Co., and others.

Before JONES, GODBOLD and INGRAHAM, Circuit Judges.

JONES, Circuit Judge:

The appellant, Cargill, Inc., is engaged in a salt mining and marketing operation in southeastern Louisiana. The operation includes the loading of salt in barges for delivery to various destinations. The appellee, James Winfred Eskine, was employed by Cargill. It was his job, in part, to assist in tying the barges alongside the loading dock and to handle the loading of salt in the barges through an overhead spout into the several hatches which ran crosswise of the barges. In the loading process the empty barge was moved by a Cargill tug to the loading dock and, after loading, the barge was moved away by the tug to be picked up later and put into a tow and moved to the desired destination. In the loading of a barge it was Eskine's duty to manipulate the downspout by a tag line from one side of a hatch to the other, and from one hatch to another, so that the salt might be evenly distributed throughout the barge.

Shortly before eight o'clock in the evening on November 9, 1967, while engaged in a loading operation, Eskine was crossing over a barge from the water side to the dock side. He fell through an open hatch about fifteen feet to the bottom of the barge. He was seriously injured. No one saw him fall. His injuries included brain damage and he could recall nothing about the accident.

After extensive pleading, amendments, cross claims and other proceedings, the case went to trial, with diversity of citizenship, before court and jury against Cargill and its liability insurance carrier, Travelers Insurance Company. All other parties were dismissed or severed. The case was tried on a claim by Eskine for damages for maritime tort and unseaworthiness. See Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143.

It was established that Cargill did not own any barges. The evidence did not establish the identity or ownership of the barge. The case was submitted to the jury under instructions as to unseaworthiness and ownership pro hac vice. An instruction was given on contributory negligence. Some instructions were requested which were not given. The

jury returned a verdict in favor of Eskine for $132,000. Judgment was entered on the verdict. The usual after-judgment motions were made and denied. This appeal followed.

Cargill asserts that the evidence was insufficient to support a jury determination that the barge was unseaworthy. No useful purpose would be here served by setting forth the evidence. It is enough to say that the evidence was more than adequate to justify a finding of unseaworthiness.

 The appellant contends that the evidence did not establish the identity of the barge nor its owner. From this premise it moves to the position that it was not and should not have been held to be the owner pro hac vice of the barge. The district court correctly held otherwise. The barge was moved to the loading dock by a Cargill tug and tied to the dock by Cargill employees. It was in the exclusive control of Cargill while being loaded. When loaded, it would have been moved from the dock by Cargill. The relationhip was, or was analogous to, that existing under a bareboat charter. It is not clear from the record as to what the arrangement was between the barge owners and Cargill but it is clear that there was an arrangement existing under a contract, express or implied. Although the voyage of the barge on which Eskine was injured was short in both time and space, there was a movement on navigable waters to the dock, a loading at the dock and an intended movement from the dock with Cargill having, at all times, the complete and exclusive control of the barge. This being so, Cargill was the owner pro hac vice of the barge and as such liable for damages for injuries resulting from unseaworthiness. Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448; The Hazel E. Herman, 5th Cir., 1928, 24 F.2d 27; Gilmore & Black, Law of Admiralty 171 et seq.; Baer, Admiralty Law of the Supreme court 2 Ed. et seq. § 12–4; 80 C.J.S. Shipping § 28, p. 660 et seq.; § 34, p. 686 et seq.

Cargill urges error in the refusal of the district court to give requested instructions. The instructions given by the court were full and complete and covered the issues. There was no error in the court's rulings on instructions refused or in the giving of the instructions submitted to the jury. Bolden v. Kansas City Southern Railway Co., 5th Cir., 1972, 468 F.2d 580.

Cargill contends that the 1972 amendment to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. bars recovery in this action. The amendment became effective in November 1972. The trial was completed in the district court in December 1971. The cited statute has no effect on this decision. See Julian v. Mitsui O.S.K. Lines, Ltd., 5th Cir., 1973, 479 F.2d 432.

The other questions raised by the appellant have been considered. They need not be discussed. We find no merit in any of them.

The judgment of the district court is affirmed.