**Phillip HESS, Plaintiff-Appellant,**

v.

**PORT ALLEN MARINE SERVICE, INC., Defendant-Appellee.**

**No. 79–2914**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 21, 1980.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

On September 22, 1973, Phillip Hess was injured in an explosion at the "gas-freeing"

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

facility operated by Port Allen Marine Service, Inc. (Port Allen), on the Mississippi River. The explosion occurred as one of Port Allen's cleaning and gas-freeing gangs, of which Hess was a member, was engaged in removing gas fumes from the Barge UM 79–B.

Hess, whose injury was compensable under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901 et seq. (Supp.1977), collected compensation from Port Allen and then filed suit in district court, pursuant to section 905(b) of the LHWCA, against the owners and operators of the barge, Upper Mississippi Towing Corp. and Pentalex Barge Lines, Inc. Hess proceeded against these defendants on a number of tort law theories; when he rested his case, however, the district judge instructed that a verdict of no liability be entered. On appeal, we agreed with the trial judge that Hess had not made out a prima facie case against either defendant. *Hess v. Upper Mississippi Towing Corp.*, 559 F.2d 1030 (5th Cir. 1977), *cert. denied*, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 51 (1978).

Having failed in his attempt to fix liability on the barge owner or operator, Hess brought a section 905(b) suit against his employer, Port Allen, claiming that Port Allen was amenable to a third-party negligence action because it was the owner *pro hac vice* of the barge at the time of his accident. Port Allen moved for summary judgment, contending that, as a matter of law, it had not occupied such an ownership status. Relying on its earlier decision in *Bossard v. Port Allen Marine Service, Inc.*, which we affirm today, 624 F.2d 671, the district judge found that an action could not be maintained against Port Allen qua vessel and granted the motion. This appeal followed.

The facts bearing on Port Allen's relationship to the Barge UM 79–B are not in dispute. They are identical in all essentials to those in *Bossard*, and for that reason we must affirm. Port Allen possessed the barge as a contractor, not as an owner *pro*

hac vice. It received, first, a verbal request from the owners of the barge to "gas-free" it. Then the barge was brought to its gas-freeing facilities by a tugboat not owned by Port Allen and was moored by members of the tugboat crew. All that Port Allen's employees did to prepare the barge for cleaning was to attach a ground cable to it to prevent the build up of static electricity.

Port Allen's bill for the de-gasing and cleaning services plainly shows that the only movement of the vessel occasioned by Port Allen was incidental to gas-freeing the barge. While Hess established that Port Allen had placed navigation lights on other vessels and had moved some barges to fleeting facilities, he did not dispute the evidence showing that Port Allen's sole possession of this barge was as a contractor hired by the barge owners to free it from gas. In sum, the proof shows beyond question that Port Allen did not have the ownership-like relationship with the vessel required to establish ownership *pro hac vice*. Summary judgment was, therefore, appropriate.

AFFIRMED.