624 F.2d 671
 1984 A.M.C. 303
 Ella Weese Watson BOSSARD, Individually and as
Administratrix of the Estate of Donald Bossard,
and Genieveve Bossard and Bertha Lee
Bossard, Plaintiffs-Appellants,
v.
PORT ALLEN MARINE SERVICE, INC., Defendant-Appellee.
 No. 79-2786
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 21, 1980.
 Cave & McKay, John F. McKay, Baton Rouge, La., for plaintiffs-appellants.
 Lemle, Kelleher, Kohlmeyer & Matthews, Don M. Richard, Douglas P. Matthews, New Orleans, La., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 This action arose out of an accident that occurred at the "gas-freeing" facility operated by Port Allen Marine Service, Inc. (Port Allen), on the Mississippi River. On January 5, 1975, Donald Bossard, an employee of Port Allen, met his death when he inhaled toxic fumes during the gas freeing of the Barge Exxon 217. Bossard's widow, individually and as administratrix of Bossard's estate, and his children sued Exxon Corporation (Exxon), as the owner of the barge, under section 905(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b) (Supp. 1977), for negligence. The district court concluded that Exxon could not be held liable under any theory of negligence on the facts presented and dismissed the suit. On appeal, we affirmed. Bossard v. Exxon Corp., 559 F.2d 1040 (5th Cir. 1977), cert. denied, 435 U.S. 934, 98 S.Ct. 1510, 55 L.Ed.2d 532 (1978).
 
 
 2
 These plaintiffs then brought this action against Port Allen, alleging that Bossard's death was caused by the negligence of Port Allen and that it was liable as the owner pro hac vice of the Barge Exxon 217. The defendant denied that it was the owner pro hac vice of the barge and moved for summary judgment. The district court found for Port Allen on the point and gave it judgment. This appeal followed.
 
 
 3
 No one disputes that Bossard's death was compensable under the LHWCA. The claim here is not for compensation, however, but for damages against the vessel as a third party. Plaintiffs contend that Port Allen, in addition to occupying the status of Bossard's employer, was the owner pro hac vice of Barge Exxon 217.
 
 
 4
 Under section 905(b) of the LHWCA, an employee may sue a vessel for its negligence. The term "vessel" is defined in the Act to include "said vessel's owner, owner pro hac vice, agent, operator, charter or bare boat charterer, master, officer or crew member." 33 U.S.C. § 902(21) (1976) (emphasis added.) In Smith v. M/V CAPTAIN FRED, 546 F.2d 119, 122 (5th Cir. 1977), we observed that Congress was "well aware of the fact that shipowners, owners pro hac vice, and charterers frequently have their own employees perform tasks covered by the LHWCA, but (made) no special provision for . . . that situation." Citing legislative history indicating a Congressional intent that the same principles be applied to determine vessel liability whether the vessel owner employs its own longshoremen, shipbuilders, or repairmen or hires an independent contractor who employs them we held that "an employee may sue his employer qua vessel if he was injured as a result of the vessel's negligence." Id., at 123. CAPTAIN FRED, therefore, squarely supports the plaintiffs' theory of liability in this case that a longshoreman or ship repair employee can bring a maritime, negligence-based damages action for personal injury against an employer whose relationship with the vessel on which the injury occurred was that of ownership pro hac vice.
 
 
 5
 The district court properly granted summary judgment because plaintiffs failed, as a matter of law, to establish that Port Allen was the pro hac vice owner of the Barge Exxon 217 when Bossard's accident occurred. For such ownership to be found, it is generally necessary for the defendant's relationship to be that of shipowner-bareboat charterer. Such a relationship is materially different from that of shipowner-ship repairer or shipowner-stevedore. Rao v. Hillman Barge and Construction Co., 467 F.2d 1276, 1277 (3rd Cir. 1972). "(T)he charterer takes over the ship, lock, stock and barrel, and mans her with his own people. He becomes . . . the owner pro hac vice, just as does the lessee of a house and lot, to whom the demise charterer is analogous." G. Gilmore & C. Black, the Law of Admiralty, § 4-1 at 194 (2nd ed. 1975); see Eskine v. United Barge Co., 484 F.2d 1194, 1196 (5th Cir. 1973). Though the ship repairer is a bailee, and to that extent is like a charterer, he plainly does not have the degree of control over the vessel that the charterer, the owner pro hac vice, has.
 
 
 6
 The depositions and affidavits in the record before us indicate that Port Allen was hired merely to "gas-free" or "de-gas" the barge; thus it did not have the control necessary to be deemed an owner pro hac vice. An Exxon tug moved the barge to Port Allen's repair facilities and docked it, and the barge remained in that docked position until the gas-freeing process had been completed. Following Bossard's accident, the barge was released to Capital Marine (a subsidiary of the parent corporation which also owned Port Allen) to be moved to a shipyard for further repairs. The barge was not and could not have been used by Port Allen to ship cargo. Exxon could have demanded that Port Allen release the barge at any time. In sum, Port Allen did not have the complete control over the barge required for ownership pro hac vice.
 
 
 7
 The entry of summary judgment was appropriate, and, accordingly, we
 
 
 8
 AFFIRM.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18