Claude DUCOTE, Plaintiff-Appellant,

v.

INTERNATIONAL OPERATING CO. OF LA., INC., etc., et al., Defendants,

Burnside Terminal d/b/a International Operating Co., of La., and Riverway Company, Defendants-Appellees.

No. 81–3725

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 27, 1982.

544

John T. Bennett, Marksville, La., for plaintiff-appellant.

Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, T. C. W. Ellis, New Orleans, La., Lemile, Kelleher, Kohlmeyer & Matthews, Douglas P. Matthews, New Orleans, La., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Ducote, while employed by the defendant International Operating Company of La., Inc., d/b/a Burnside Terminal ("Burnside"), was injured while performing barge cleaning duties aboard a vessel owned by the defendant Riverway Company ("Riverway"). Seeking damages for third-party negligence under section 905(b) of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), Ducote sued both Riverway, the *actual* owner of the vessel, and Burnside, the alleged owner *pro hac vice* of the vessel upon which the plaintiff was injured.[1] The district court granted sum-

---

1. This provision states in pertinent part:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party .... the liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.

The term "vessel" is defined by 33 U.S.C. § 902(21) as including the "vessel's *owner, owner pro hac vice*, agent, operator, charter or bare boat charterer, master, officer, or crew member." (Emphasis added.)

Burnside, the plaintiff's employer, is undisputedly obliged by 33 U.S.C. § 904 to pay compensation to the plaintiff. Ducote's claim

mary judgment in favor of both defendants. The court found, as a matter of law: (1) that Burnside was not the owner *pro hac vice* of the vessel; and (2) that Riverway did not negligently cause the plaintiff's injuries. Ducote appeals both of these rulings. We affirm.

At the time of the accident, Ducote was cleaning the cargo pen of the barge RW 269. He was standing upon an aluminum ladder that was unsecured at the top and that had no rubber "feet" on the bottom. The ladder slipped, causing Ducote to fall to the bottom of the cargo pen of the barge.

Burnside, the plaintiff's employer, is a cargo terminal company that transfers cargo from ocean-going vessels to barges that ply the Mississippi River system. Burnside does not own or operate any of these vessels or cargo. The company performs its work only upon the instruction of the cargo and/or barge owner. In the present instance, Riverway directed Burnside to take the barge RW 269 to Burnside's terminal for cleaning, after which Burnside personnel were to load the barge with a cargo of manganese ore from the vessel NORTH WIND.

Ducote argues that, because the barge RW 269 was taken to Burnside's terminal by a Burnside tugboat, Burnside was the owner *pro hac vice* of the vessel, and therefore potentially liable to Ducote for negligence under section 905(b) of the LHWCA. Ducote alleges that Burnside had the "care, custody and control" of the barge. However, we must agree with the district court that, although Burnside's tug did move the barge upon which the accident occurred, this movement "was in connection with its obligation to the owner for cleaning and loading of the vessel. Those incidental operations certainly do not make Burnside the owner *pro hac vice*."

We find that this case is governed by *Bossard v. Port Allen Marine Service, Inc.*, 624 F.2d 671 (5th Cir. 1980), and *Hess v. Port Allen Marine Service, Inc.*, 624 F.2d 673 (5th Cir. 1980). In *Bossard* and *Hess*, the plaintiffs were employed by a company that was hired to "gas-free" or "de-gas" the barges upon which the accidents occurred. We held, as a matter of law, that the plaintiffs' employer was not the owner *pro hac vice* of the barges. The court stated:

> For [*pro hac vice*] ownership to be found, it is generally necessary for the defendants' relationship to be that of shipowner-bareboat charterer. Such a relationship is materially different from that of shipowner-ship repairer or shipowner-stevedore. *Rao v. Hillman Barge & Construction Co.*, 467 F.2d 1276, 1277 (3rd Cir. 1972). "[T]he charterer takes over the ship, lock, stock and barrel, and mans her with his own people. He becomes ... the owner *pro hac vice* just as does the lessee of a house and lot, to whom the demise charterer is analogous." G. Gilmore & C. Black, the Law of Admiralty, § 4—1 at 194 (2d ed. 1975); *see Eskine v. United Barge Co.*, 484 F.2d 1194, 1196 (5th Cir. 1973). Though the ship repairer is a bailee, and to that extent is like a charterer, he plainly does not have the degree of control over the vessel that the charterer, the owner *pro hac vice*, has.

624 F.2d at 672–73.

Similarly, in the present case, the defendant Burnside was no more than a bailee, and not the owner *pro hac vice*, of the barge upon which the plaintiff was injured. Burnside was hired merely to clean and load the barge. Burnside could not use the barge for its own purposes, and its temporary custody of the vessel was for the limited purpose of cleaning and loading it and not for purposes of maritime commerce. Therefore, the district court correctly

---

against his employer in the present case is not for compensation, however. Although the literal wording of 33 U.S.C. § 905(a) states that the employer's liability to pay compensation is "exclusive and in place of all other liability of such employer to the employee," this court has held that, if the employer is the owner *pro hac*

vice of the vessel upon which the employee is injured, the employee may sue his employer *qua* vessel for negligence damages under section 905(b). *See Bossard v. Port Allen Marine Service, Inc.*, 624 F.2d 671, 672 (5th Cir. 1980); *Smith v. M/V CAPTAIN FRED*, 546 F.2d 119, 122–23 (5th Cir. 1977).

awarded summary judgment in favor of Burnside, because, as a matter of law, Burnside could not be liable for its negligence under section 905(b) of the LHWCA, because it was not the owner *pro hac vice* of the barge.

Ducote seeks to distinguish *Bossard* and *Hess* because, unlike in those cases, in the present case the barge was brought to Burnside's terminal by a Burnside tug, and, during the cleaning and loading operations, Burnside completely controlled the movement of the barge. However, as the district court observed, all Burnside-controlled movements of the barge were simply incidental to the cleaning and loading of the vessel. Burnside did not have the right to use the barge for its own purposes in maritime commerce. In *Hess*, the alleged owner *pro hac vice* also apparently was responsible for some movement of the vessel in question, but, because such movement merely "was incidental to gas-freeing the barge," we held that the defendant "did not have the ownership-like relationship with the vessel required to establish ownership *pro hac vice.*" 624 F.2d at 674. The same is true in the present case. *See also Olsen v. Todd Shipyards Corp.*, 435 F.Supp. 568, 571–72 (W.D.Wash.1977); M. Norris, The Law of Maritime Personal Injuries, § 130 (3rd ed. 1975); Annot., 14 A.L.R. Fed. 544 (1973).[2]

■ Ducote's second argument is that the district court erred by holding that the barge owner, Riverway, as a matter of law, did not negligently cause the plaintiff's injuries. This assertion requires only brief discussion. Ducote and his co-workers were aboard the barge to clean the vessel. No Riverway personnel were aboard. Ducote's employer, Burnside, provided the ladder

from which the plaintiff fell. It is undisputed that the ladder fell because the plaintiff's foreman, a Burnside employee, had failed to secure the ladder, and because the ladder did not have rubber "feet" at the bottom that might have kept the ladder from slipping.

Under these facts, we must agree that Riverway was entitled to summary judgment in its favor. There is no evidence that Riverway knew or should have known that the Burnside foreman had failed to secure the ladder, or that the ladder was in any way defective. Riverway, having turned the barge over to Burnside for cleaning and loading, had no general duty to supervise or inspect the operations that were to be carried out by Burnside, the stevedore-cleaner. *See Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 1624, 68 L.Ed.2d 1 (1981). And no factual or legal reason supports Ducote's contention that Riverway was under a duty to equip the barge with permanent ladders, or temporary-type ladders that were safe, where Burnside, the independent cleaning contractor, alone had the responsibility to furnish such ladders for temporary use in its cleaning operations. *See Hill v. Texaco, Inc.*, 674 F.2d 447, 450–52 (5th Cir. 1982). This assertion simply amounts to a claim that the barge was unseaworthy, and, under section 905(b), persons covered by the LHWCA may only sue a vessel if they are injured as a result of a vessel's negligence, not its unseaworthiness. *See* 33 U.S.C. § 905(b) (quoted at note 1 *supra* ). Accordingly, the summary judgment in Riverway's favor was proper.

In conclusion, Burnside was entitled to summary judgment, because, as a matter of law, it was not the owner *pro hac vice* of

---

**2.** The cases relied on by Ducote in support of his contention that Burnside was the owner *pro hac vice* of the barge in question are readily distinguishable on their facts from the present case. In each such case, the party found to be an owner *pro hac vice* possessed far more of the incidents of ownership than here. Specifically, these parties had the ability to use the vessels in question for commercial enterprises of their own. *See Griffith v. Wheeling-Pittsburg Steel Corp.*, 610 F.2d 116, 127–128 (3rd Cir. 1979), *vacated*, 451 U.S. 965, 101 S.Ct. 2038, 68 L.Ed.2d 343 (1981), *reinstated*, 657 F.2d 25 (3rd Cir. 1981) (barge incorporated into owner *pro hac vice*'s coal fleet and put to commercial use); *Eskine v. United Barge Co.*, 484 F.2d 1194, 1196 (5th Cir. 1973) (barge used commercially by owner *pro hac vice* to transport salt, even though only for a short distance—relationship was, or was analogous to, that existing under a bare boat charter).

the barge upon which the plaintiff was injured. Riverway, the owner of the barge, was properly granted summary judgment, because, as a matter of law, it did not negligently cause Ducote's injuries. The judgment of the district court is therefore AFFIRMED.

AFFIRMED.