United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30569
Summary Calendar

DERIC COAKLEY,

Plaintiff-Appellant,

versus

SEARIVER MARITIME, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-3509
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Deric Coakley sued his employer, SeaRiver Maritime, Inc. ("SeaRiver"), for injuries sustained while employed by SeaRiver as a seaman. Coakley slipped on ice on a barge owned by Kirby Inland Marine, Inc. ("Kirby"), which was being towed by Seariver pursuant to a reciprocal towing agreement between Kirby and SeaRiver.

Coakley appeals the district court's summary judgment dismissing Coakley's unseaworthiness claims. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correctly concluded that SeaRiver was not the owner pro hac vice of the barge on which Coakley was injured.  The contract between SeaRiver and Kirby was for towage.  SeaRiver did not assume the incidents of ownership necessary for the creation of a bareboat charter or ownership pro hac vice.  See Torch, Inc. v. Alesich, 148 F.3d 424, 426 (5th Cir. 1998); Ducote v. International Operating Co. of Louisiana, Inc., 678 F.2d 543, 546 (5th Cir. 1985).  As SeaRiver was not the owner or owner pro hac vice, it is not liable for any unseaworthy condition of the barges in its tow.  See Forrester v. Ocean Marine Indem. Co., 11 F.3d 1213, 1215 (5th Cir. 1993); Guidry v. Continental Oil Co., 640 F.2d 523, 530 (5th Cir. 1981).

Coakley next argues that the district court erred in refusing to strike a juror for cause.  Our review of the record demonstrates that the district court adequately questioned the juror to assure her impartiality and did not abuse its discretion in refusing to strike the juror for cause.  See Smith v. Shell Oil Co., 746 F.2d 1087, 1097-98 (5th Cir. 1984).

For the foregoing reasons, the judgment of the district court is AFFIRMED.