## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31144

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2019

Lyle W. Cayce
Clerk

GEORGES F. PAYANO,

      Plaintiff - Appellant

v.

ENVIRONMENTAL SAFETY & HEALTH CONSULTING SERVICES, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-6425

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Georges Payano sued his employer, defendant-appellee Environmental Safety and Health Consulting Services, Inc., ("ES&H"), under § 905(b) of the Longshore and Harbor Workers' Compensation Act ("the Act") after he injured his bicep while conducting oil spill cleanup operations on a vessel.  Though conceding that ES&H was immune from suit in its capacity as his employer, Payano argued that ES&H was liable for vessel

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31144

negligence under § 905(b) because it assumed operational and navigational control over the vessel. The district court granted summary judgment in favor of ES&H, finding that ES&H did not exercise operational control over the vessel and all the alleged negligent acts committed by ES&H occurred in its capacity as Payano's employer, immunizing ES&H from suit. We AFFIRM.

I.

ES&H was hired to retrieve damaged oil boom (a temporary barrier used to contain oil spills) surrounding a leaking wellhead off the Louisiana coast. ES&H time chartered a vessel, The Saint, owned by NOLA Boat Rentals, to transport personnel to and from the work site and conduct the cleanup operations. Captain Brent Trauth of NOLA captained, operated, and controlled The Saint during the cleanup operations, and was responsible for determining whether the seas were too rough to complete the job. ES&H supervisor Jack Scruggs instructed Capt. Trauth on what time to leave shore, where to go, and what time to return to shore, and at the wellhead site, he indicated to Capt. Trauth to pull the vessel back or forward to position the vessel to retrieve the boom.

According to the ES&H manual, to retrieve the damaged boom, hooked pike poles are used to hold the boom line while the captain backs up the vessel to snap the line and unanchor the boom. Payano claims that instead of this standard procedure, Scruggs had him lie down on the vessel's bow, reach over the water, and manually pull up the damaged segments of the boom. Payano struggled to lift the boom, heavy from its anchor, especially because the waves moved the boat. Despite the difficulty in retrieving the boom, Scruggs never told Payano to stop, instead urging him to continue. As Payano continued to work, a wave jerked the bow of the vessel upward and caused Payano's bicep to tear. Payano also says that he did not receive any safety training, and

2

No. 18-31144

though he does not speak or read English, no interpreters were present at the job site.

## II.

An employer is immune from tort liability under the Act for any negligent act committed in its capacity as employer. 33 U.S.C. § 905(a). The exclusive remedy for a covered worker against his employer is compensation benefits, to which the injured worker is entitled without regard to the employer's fault.[1] *Id.* § 904. A vessel owner, however, is not immune from suit. Under § 905(b), a worker covered by the Act[2] "may pursue a tort action against the owner of a vessel for acts of vessel negligence." *Levene v. Pintail Enters.*, 943 F.2d 528, 531 (5th Cir. 1991). Such a tort action may also be brought against the vessel's "owner pro hac vice, agent, operator, charter or bare boat charterer, master, officer, or crew member." 33 U.S.C. § 902(21). "When an employer acts in a dual capacity as vessel owner, the entity retains its immunity for acts taken in its capacity as an employer, but may still be sued 'qua vessel' for acts of vessel negligence." *Levene*, 943 F.2d at 531.

ES&H, as Payano's employer, can only be held liable for negligent acts committed in its capacity as vessel owner.[3] It is undisputed that NOLA Boat Rentals, not ES&H, owned The Saint. Under our precedent, however, a vessel

---

[1] Payano received compensation benefits under the Act while recuperating from his injury until he was cleared to return to work.

[2] Payano and ES&H stipulate that Payano was a longshoreman covered by the Act.

[3] ES&H can also be held liable for vessel negligence under § 905(b) of the Act for negligence committed in its capacity as time-charterer, but its duties and therefore its liability are circumscribed by the nature of its control over the vessel. *See Kerr-McGee Corp. v. Ma-Ju Marine Servs., Inc.*, 830 F.2d 1332, 1343 (5th Cir. 1987) (holding that "a time-charterer is not liable under section 5(b) unless the cause of the harm is within the charterer's traditional sphere of control and responsibility or has been transferred thereto by the clear language of the charter agreement"). Payano argues for the first time in his reply brief that ES&H is liable for negligence committed in its capacity as time-charterer. This argument was not raised in Payano's initial brief and has therefore been waived. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

No. 18-31144

owner pro hac vice who has unrestricted use of a vessel can be held liable for vessel negligence under § 905(b).  33 U.S.C. §§ 905(b), 902(21); *Ducote v. Int'l Operating Co. of La.*, 678 F.2d 543, 544 n.1 (5th Cir. 1982); *Kerr-McGee Corp. v. Ma-Ju Marine Servs., Inc.*, 830 F.2d 1332, 1342 n.11 (5th Cir. 1987) ("An owner pro hac vice has unrestricted use of the vessel.").

Viewing the facts and drawing all reasonable inferences in the light most favorable to Payano, he has failed to show that ES&H exerted sufficient control over The Saint to be considered its owner pro hac vice.  *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Ducote*, 678 F.2d at 545-46.  Payano argues that ES&H is liable as owner pro hac vice of The Saint because, once at the jobsite, Scruggs exerted complete navigational and operational control over the vessel by directing Capt. Trauth to pull vessel back or forward to position the boat to retrieve the boom.  We rejected a similar argument in *Ducote*, where a worker who was injured while cleaning a barge argued that his employer was the barge's owner pro hac vice because the employer completely controlled the barge's movement during the cleaning operations.  678 F.2d at 545-46.  We explained that "all [employer]-controlled movements of the barge were simply incidental to the cleaning and loading of the vessel" and the employer "did not have the right to use the barge for its own purposes in maritime commerce." *Id.* at 546.  Therefore, the employer "did not have the ownership-like relationship with the vessel required to establish ownership pro hac vice." *Id.* (quoting *Hess v. Port Allen Marine Serv., Inc.*, 624 F.2d 673, 674 (5th Cir. 1980)).

Though this case differs slightly from *Ducote* because ES&H time-chartered The Saint for its own purposes in maritime commerce—to retrieve the damaged boom—it still rebuts Payano's argument that ES&H became the owner pro hac vice of The Saint simply because ES&H controlled the vessel's movement for a temporary time and for a limited purpose.  *See id.*  ES&H's

4

directing The Saint's movement to retrieve the damaged boom did not grant it unrestricted use of the vessel—indeed, at all times, Capt. Trauth steered the ship, had the unilateral right to cancel the voyage if the weather was too rough, and swore that he "captained, operated, and maintained sole control over The Saint." If ES&H had the right to unrestricted use of The Saint, it would not have submitted itself to Trauth's "sole control." Directing Capt. Trauth to pull the vessel back or forward to retrieve the boom did not grant ES&H unrestricted use of the vessel and therefore did not render ES&H liable as owner pro hac vice of The Saint.[4] *See id.*; *Kerr-McGee*, 830 F.2d at 1342 n.11.

Moreover, we agree with the district court that though Payano cited "evidence in the summary judgment record indicating that ES&H may have been negligent, there is no evidence in the summary judgment factual record to support a finding that these alleged acts of negligence occurred in ES&H's capacity as time charterer, rather than as employer." All the acts of negligence that Payano alleges—from Scruggs's instructing him to manually retrieve the oil boom, to failing to instruct him to stop despite his difficulties, to failing to adequately train him—"must be classified as potential acts of employer negligence, not vessel negligence." *Levene*, 943 F.2d at 535.

For these reasons, the judgment of the district court is AFFIRMED.

---

[4] Scruggs's other actions—instructing Capt. Trauth on what time to leave shore, where to go, and what time to return to shore—are all traditional time-charterer duties and do not subject ES&H to the liability of a vessel owner pro hac vice. *See Kerr-McGee*, 830 F.2d at 1339-41.